40 WEST FIFTY-SEVENTH STREET REALTY CORPORATION, Judgment Creditor, v. FRANK STARR and Another, Judgment Debtors.

Supreme Court, New York County, November, 1933.

*Spiro & Felstiner*, for the debtor.

*Wing & Wing* [*James G. Purdy* of counsel], for the judgment creditor.

Cotillo, J. The judgment debtor, Claire Starr, seeks to have two orders heretofore entered in this proceeding vacated. The first order is a third-party order served upon the Mutual Life Insurance Company of New York restraining and prohibiting that company from transferring or making any disposition of any property belonging to the judgment debtor. The second order is one appointing Charles J. Wagner, Esq., as a receiver of the assets and property of the said judgment debtor. The following are the sole and undisputed facts in the case: The plaintiff secured a judgment for $4,782.90 against Frank Starr and Claire Starr. This judgment was entered on May 6, 1932. On August 8, 1928, the debtor Claire Starr took out three insurance policies with the Mutual Life Insurance Company totaling $100,000. The beneficiaries in each of the policies were the children of Claire Starr. In the months of May and June, 1931, the policies were indorsed with a rider under which the beneficiary became the Irving Trust Company, as trustee under the terms of a trust agreement dated May 8, 1931. The trust agreement, which is still in full force and effect, provides that upon the death of Claire Starr the proceeds of the insurance policies were payable to the trustee to be distributed as follows: $10,000 to be held in trust for the benefit of Mary Elias, the mother of Claire Starr, the income and a portion of the principal to be paid to her, and on her death the remaining principal to be added to the trust fund created for the children of said Claire Starr. The balance of the proceeds of the policies is to be divided into as many equal parts as there are children of said Claire Starr her surviving, the income from each trust to be used for the support and maintenance of the particular child for whom it was created, and provision is then made for payment of portions of the principal to each of the said children when they attain the ages of thirty-five, forty and forty-five.

In the course of proceedings supplementary to execution the judgment creditor secured an order directing the Mutual Life Insurance Company of New York to appear and be examined concerning property of the judgment debtor, Claire Starr, and prohibiting the Mutual Life Insurance Company from transferring or making any disposition of property belonging to the judgment debtor. In lieu of the examination the insurance company delivered to the attorneys for the judgment creditor an affidavit stating that the only property held was the three insurance policies. On August 16, 1932, Charles J. Wagner was appointed receiver and notice of his appointment was given the insurance company with the result that when arrangements were attempted to be made to secure a loan on the policies the company refused the loan.

The policies involved in this application are policy No. 4024915 issued August 8, 1928, on the ordinary life plan on the life of Claire E. Starr, requiring an annual premium of $1,252.50, and payable to her children, share and share alike, the survivors or survivor, or insured's executors, administrators or assigns with the right reserved to the insured to change the beneficiary, surrender the policy for its cash surrender value and to assign the same as collateral security for loans. On August 8, 1928, two other policies similar in terms to the one mentioned above, except as to the amount, were issued. These policies were for $25,000 each. Under date of June 22, 1931, Claire Starr executed an instrument requesting the insurance company to change the beneficiary under the policies to the Irving Trust Company under the terms of a trust agreement dated May 8, 1931, reserving the right to the insured without the consent and to the exclusion of the beneficiary under the policy, to change the beneficiary, to exercise every option, enjoy every privilege and receive every benefit conferred by the policy or allowed by the company, including the right to reduce the face amount of the policy, with the proviso that anything in the policy, notwithstanding any income payments that may become due and payable under that section of the policy entitled " Benefits in Event of Total and Permanent Disability Before Age 60," and any refund of premiums that may be made shall, if the disability shall be the result of or accompanied by mental incapacity, each as they become due, be paid to Benjamin Elias, brother of the insured, if then living, if not then living, to the duly qualified guardian or committee of the insured. This change was indorsed on the policy on May 19, 1931, on the policy No. 4024915 and on policy No. 4024917, and as of June 26, 1931, on policy No. 4024916. The present cash surrender values of these policies aggregate upwards of $4,000. The judgment against Claire Starr and her husband is in the sum of $4,782.90.

After the service of the third-party order the insurance company took the position that until there was some legal determination of the question of whether creditors of Claire Starr had any interest in these policies they would refuse to turn over the policies to the receiver or permit a loan to be obtained on the policies by Claire Starr.

The present motion for relief has been instituted by the judgment debtor under section 55-a of the Insurance Law. This section reads as follows:

" § 55-a. Rights of creditors and beneficiaries under policies of life insurance. If a policy of insurance, whether heretofore or

hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or in behalf of a creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specification of the amount claimed."

The claims of the judgment creditor and the judgment debtor may be summed up as follows: The creditor claims that having obtained a judgment of over $4,000, which remains unpaid, and as the insurance policies have a cash surrender value of over $4,000, it has recourse to the policies and should have its judgment satisfied. The debtor, on the other hand, relies on section 55-a of the Insurance Law and claims that the creditor has no recourse to the policies.

The creditor urges the court to hold that the trust agreement is no more binding than a will and, as under the trust agreement the debtor has full control over the policies, that is as to their loan or surrender values, and without knowledge may borrow on the policies or surrender them for their cash surrender, she is not entitled to the protection of section 55-a of the Insurance Law. With this contention the court cannot agree. The position of the debtor under the trust agreement is no different from her position before making the agreement. Before making this agreement she could have borrowed on the policy, could have accepted the cash surrender value or could change her beneficiaries. These facts in this motion are precisely within the decision of *Chatham Phenix National Bank* v. *Crosney* (251 N. Y. 189). The motion is, therefore, granted to the extent of vacating the third-party order served on the Mutual Life Insurance Company. Settle order.