HENRY A. COLGATE, Plaintiff, *v.* GUARANTY TRUST COMPANY OF NEW YORK and Others, Defendants.

Supreme Court, Special Term, New York County, June 5, 1936.

*John J. McMaster*, for the plaintiff.

*Hill, Lockwood & Redfield*, for the defendants.

COLLINS, J. This motion by the defendants, challenging the legal sufficiency of the complaint, poses the significant question concerning the validity of a life insurance trust as tested by section 34 of the Personal Property Law and section 55-a of the Insurance Law. The action is by a creditor of the insured against the trustee under the trust, and the widow individually and as executrix.

In 1927 Wallace E. McCaw insured his life for $190,000 for the benefit of his wife, the defendant Hazelhurst Plant McCaw. On March 29, 1929, McCaw executed an irrevocable deed of trust for the benefit of his wife and children, and after changing the beneficiary to the defendant Guaranty Trust Company, trustee, the insurance policies were deposited with the trustee. Under the trust agreement McCaw (the party of the first part therein) reserved to himself the right to designate a new beneficiary in the policies. Further: " The party of the first part reserves the right, at his option, by his own act and without the consent or approval of the Trustee, to sell, assign, or hypothecate said policies, or any of them; to exercise any option or privilege granted by any of said policies; to borrow any sum in accordance with the provisions of any of said policies; and to receive all payments, dividends, surrender values, benefits or privileges of any kind which may accrue on account of any of said policies during his lifetime."

In addition to the usual clauses contained in a trust agreement of this character, the contract obligated the wife (the third party to the agreement) to pay, and she did pay, the insurance premiums. During 1932 the insured borrowed $20,000 against the policies.

In 1932 and 1933 McCaw became indebted to the plaintiff and the plaintiff's wife in sums aggregating approximately $330,000, which remains unpaid. There is no dispute concerning the indebtedness. McCaw died on October 4, 1933. The policies, less the loans, were paid and the trust is being administered pursuant to the trust agreement.

The plaintiff maintains that the transfer of the policies in trust was for the use of the insured and, consequently, void as against his existing or subsequent creditors. He asks an adjudication accordingly under section 34 of the Personal Property Law, and

seeks to have the trustee pay over, transfer and deliver to the widow the property now being administered and demands, finally, that such property be applied to the partial satisfaction of the indebtedness.

By this motion to dismiss the complaint the defendants assert that the complaint fails to state a cause of action.

The legal issues are important because, as the plaintiff in his forthright memorandum frankly states, " no case has been found which deals with the application of this immediate statute [Pers. Prop. Law, § 34] to a life insurance trust created by an insured in which he has retained rights similar to those existing in the trust at issue in the present case." Thus the major issue is whether the transfer of the policies under the trust arrangement comes within the purview of the statute.

Section 34 of the Personal Property Law provides: " Transfers in trust for the transferrer. A transfer of personal property, made in trust for the use of the person making it, is void as against the existing or subsequent creditors of such person."

The statute merely certifies what has been the common law for centuries. (*Sands* v. *Codwise*, 4 Johns. 536.) It has been the statutory law in this State since 1787. (*Curtis* v. *Leavitt*, 15 N. Y. 9.) The establishment of fraud is not essential to the maintenance of an action to set aside a transfer which offends the statute. " The simple inquiry is whether the property belongs to his debtor, not upon a theory of fraud and against the terms of the conveyance, but upon a theory of equitable title reserved to himself by the very conveyance which transfers the legal and nominal title to another." (*Curtis* v. *Leavitt, supra,* at p. 122.) So that here no fraud is alleged or claimed.

Indubitably an insurance trust comes within the broad sweep of the statute. But to be void the transfer must be " for the use of the person making it." It is the contention of the plaintiff that since the insured reserved certain rights, and indeed, exercised those rights, the transfer was for his benefit, notwithstanding the fact that his wife was a party to the irrevocable trust indenture and assumed the responsibility of paying the insurance premiums. The trust, so the plaintiff argues, was at all times within the control and domination of the insured up until the time of his death.

Despite the analogism presented by the plaintiff (*Westfall* v. *Jones*, 23 Barb. 9; *Riggs* v. *Murray*, 2 Johns. Ch. 565; *Schoenholz* v. *New York Life Ins. Co.*, 234 N. Y. 24; *Chase National Bank* v. *United States*, 278 U. S. 327; *Ullman* v. *Cameron*, 186 N. Y. 339) I cannot perceive that this trust was " for the use of the person making it." The status of the subject of the trust — the policies

— was not changed by the transfer. The wife was the beneficiary in the policies before the creation of the trust and she (in case of her death, the children) was the beneficiary under the trust agreement. The insured's creditors were in no wise affected by the trust — their position was not rendered one whit worse thereby. No property to which they had recourse before the trust, was made inaccessible by the trust. The trust indenture did not operate to withdraw from the reach of creditors anything theretofore possessed by or available to them. Nothing was wrested from the creditors. Nor did the trust invest McCaw with any rights or property not theretofore held by him. He did not strip himself of anything to the detriment of his creditors. In no sense did he benefit by the transfer; the basic design was protection for another, not security for himself. If this indenture of trust was " for the use of the person making it," then so was the insurance for the benefit of the person procuring it. If McCaw was not the beneficiary of the one he was not the beneficiary under the other. (*40 West 57th St. Realty Corp.* v. *Starr*, 149 Misc. 470; *N. Y. Plumbers, etc., Co.* v. *Stein*, 140 id. 161, 163; *Matter of Messinger*, 29 F. [2d] 158.)

Section 34 " was intended to cover only passive trusts for the exclusive use of the grantor, or where the use to the grantor is its chief purpose, and has no application to trusts which are only incidental, and are expressed, or result, to the use of the grantor, after the exercise of the primary purpose, which is lawful." (*Delaney* v. *Valentine*, 154 N. Y. 692, 701; *Curtis* v. *Leavitt, supra; Newton* v. *Jay*, 107 App. Div. 457, 467.)

Manifestly, the reservations here were " only incidental; " the " primary purpose " was for the benefit of the wife, and, therefore, lawful.

Quite true, the remedies of creditors should be accorded elastic application; they should not be reduced to inanities by pinched or smothered interpretations. But so, too, are the rights of beneficiaries in life insurance policies to be respected and safeguarded. The motivating consideration in procuring insurance is security of the insured's dependents against want. This consideration would be enervated if not completely paralyzed if the creditors of the insured could commandeer the insurance proceeds as is here sought. Again, it is noteworthy that this indebtedness was not in existence when the assailed trust was created and the policies transferred.

The policy of this State regarding the inviolability of insurance avails is tellingly declared in section 55-a of the Insurance Law which provides: " Rights of creditors and beneficiaries under policies of life insurance. If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life

or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or in behalf of a creditor, of a claim to recover for transfer made or premiums paid with intent to defraud creditors, with specification of the amount claimed."

Under this section a creditor of the insured may not reach insurance moneys of the wife; the creditor's rights in such moneys are confined to the amount of the premiums, with interest, which may have been paid by the decedent in fraud of his creditors. (*Chatham Phenix Bank* v. *Crosney*, 251 N. Y. 189; *U. S. Mortgage & Trust Co.* v. *Ruggles*, 258 id. 32, 39.) The element of the reservation of the right to change the beneficiary is expressly rendered immaterial.

I deem it unnecessary to decide whether there is a clash between section 34 of the Personal Property Law and section 55-a of the Insurance Law, or whether the latter impliedly repeals the former.

It follows from the foregoing that the complaint does not set forth a valid cause of action, and that, accordingly, the defendants' motion to dismiss it must be and it is granted.