CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, Respondent, *v.* ESTHER CROSNEY, Appellant.

190

(Argued April 30, 1929; decided May 28, 1929.)

*Frank C. Laughlin, Stewart W. Bowers* and *Jacob I. Berman* for appellant. Section 55-a of the Insurance Law applies to insurance taken out by a husband for the benefit of his wife, and the defendant by virtue of that statute is entitled to the principal amount of the life insurance taken out by her husband in her favor, and it is not necessary to hold that section 52 of the Domestic Relations Law has been impliedly repealed. (*Savage* v. *Murphy,* 34 N. Y. 508; *Carr* v. *Breese,* 81 N. Y. 584; *Todd* v. *Nelson,* 109 N. Y. 316; *Schreyer* v. *Platt,* 134 U. S. 405; *Wallace* v. *Penfield,* 106 U. S. 260; *Smith* v. *Vodges,* 92 U. S. 183; *Banning* v. *Marleau,* 133 Cal. 485; *Almand* v. *Thomas,* 148 Ga. 369; *Springer* v. *Bigford,* 160 Ill. 495; *Higgins* v. *White,* 118 Ill. 619.)

*Denis B. Maduro, Jacob Scholer* and *Cornell S. Dikeman* for respondent. The complaint states facts sufficient to constitute a cause of action under section 52 of the Domestic Relations Law. (*Guardian Trust Company* v. *Straus,* 139 App. Div. 884; 201 N. Y. 546; *Whitehead* v. *New York Life Ins. Co.,* 102 N. Y. 143; *Wagner* v. *Thieriot,* 203 App. Div. 757; 236 N. Y. 588; *Grems* v. *Trover,* 87 Misc. Rep. 644; 164 App. Div. 968; *Lukasik* v. *Czarczynski,* 162 N. Y. Supp. 1.) Section 55-a of the Insurance Law does not repeal section 52 of the Domestic Relations Law. (*People ex rel. Kingsland* v. *Palmer,* 52 N. Y. 83; *Grimmer* v. *Tenement House Dept.,* 204 N. Y. 370; *Davis* v. *Supreme Lodge, Knights of Honor,* 165 N. Y. 159; *Woods* v. *Board of Supervisors,* 136 N. Y. 403; *Welch* v. *City of Niagara Falls,* 210 App. Div. 170; *Matter of Brooklyn, Queens County & Suburban R. R. Co.,* 185 N. Y. 171; *Smith* v. *People,* 47 N. Y. 330; *Mount* v. *Mitchel,* 31 N. Y. 356; *Orange County* v. *Ellsworth,* 98 App. Div. 275; *Blauweis* v. *Kirschner,* 128 Misc. Rep. 630.) The wife has no right to elect under which statute she will take. (*Guardian Trust Company* v. *Straus,* 139 App. Div. 884; 201 N. Y. 546; *Heppenstall* v. *Baudouine,* 73 Misc. Rep. 118; 148 App. Div. 892.)

*Albert Hirst* for New York State Life Underwriters Association, *amicus curiœ.*

LEHMAN, J. The complaint alleges that Abraham Crosney at the time of his death was insolvent and indebted to the plaintiff in the sum of $50,000; that the defendant was the wife of the said Abraham Crosney and that " she, in the lifetime of her said husband, or the said Abraham Crosney, caused his life to be insured in various insurance companies in her name as a beneficiary and for her benefit;" that premiums for such insurance were paid annually out of the property of the said Abraham Crosney in an amount greatly in excess

of $500, and that at the time of the payment of such premiums Abraham Crosney was insolvent and unable to pay his debts. Upon these allegations the plaintiff · seeks a judgment that the portion of the insurance moneys, payable by the terms of the policies to the defendant as beneficiary, which has been purchased by excess of premium above five hundred dollars, shall be applied in payments of the decedent's debts.

The action is based upon the provisions of section 52 of the Domestic Relations Law (Cons. Laws, ch. 14). The courts of this State have frequently been called upon to construe and give effect to the provision of that section. Similar provisions became part of our statute law by the enactment of chapter 80, Laws of 1840. Consistently, the courts have construed the statute in the light of its history, and the conditions existing at the time of its enactment, which it was intended to remedy. At that time, married women still labored under the common-law disabilities of coverture, and as this court pointed out in the case of *Whitehead* v. *New York Life Insurance Co.* (102 N. Y. 143): " Prior to that enactment and at common law it was open to question whether the wife and children had an insurable interest in the life of the husband and father (Bliss on Life Ins., § 10; *Ruse* v. *Mut. Ben. L. Ins. Co.*, 23 N. Y. 516), and whether he could protect them save by taking out policies in his own name, and for the benefit of his estate which in the end would go to them. But this made the insurance liable for his debts, and left it impossible for those who needed assistance most to obtain it at all. (*Ruppert* v. *Union Mut. Ins. Co.*, 7 Rob. 155, 156.) The statute was intended to and does remedy the difficulty."

Though in terms the statute applies only where a married woman causes the life of her husband to be insured, the courts, construing the statute in the light of the conditions existing at the time of its original enactment, which the Legislature intended to remedy,

have held that the statute applies also where the insurance, though effected by the husband, is made payable to the wife. (*Whitehead* v. *New York Life Insurance Co.,* *supra; Kittel* v. *Domeyer,* 175 N. Y. 205; *Guardian Trust Company* v. *Straus,* 139 App. Div. 884; affd., 201 N. Y. 546; *Wagner* v. *Thieriot,* 203 App. Div. 757; affd., 236 N. Y. 588.) The Legislature intended to give to the wife a limited " right to the insurance fund created by the husband's annual appropriation or investment of his moneys in premiums for insurance upon his life for the benefit of his wife." (*Matter of Thompson,* 184 N. Y. 36.) " The important feature in this statute, as interpreted by the Appellate Division and the Court of Appeals, is not who negotiates and actually procures the insurance policies to be issued, but who pays the premiums." (*Guardian Trust Company* v. *Straus, supra.*)

Judicial decisions that a married woman " causes " the life of her husband to be insured within the meaning of the statute, though the husband in fact effects the insurance, have sometimes been explained upon the theory that the husband acts as the wife's agent. Such explanations must be read in the light of the judicial interpretation of the legislative intent. This court has pointed out that " the legislative intent bore upon the exemption of a fund, which had been created by the husband as a provision for the benefit of his wife in the event of her surviving him. Her right did not rest upon contract, but upon a legislative grant, by way of exemption from the claims of creditors, of an insurance fund, created by the husband's * * * moneys." (*Kittel* v. *Domeyer, supra.*) In creating the insurance fund as a provision for the benefit of his wife, the husband acts as the agent of the wife only in the sense that he enables the wife to obtain the benefit of the fund. (*Baker* v. *Union Mutual Life Ins. Co.,* 43 N. Y. 283.)

Since the date when the Legislature first made provision for insurance in favor of a married woman upon her husband's life, free to a limited extent from the claims of her husband's creditors, the conditions which the statute was intended to remedy have entirely vanished. A married woman no longer is under any disability to contract in her own name or to hold or dispose of her separate property. Any doubt which might have existed as to the right of a married woman to insure the life of her husband has been removed by the express provisions of section 55 of the Insurance Law (Cons. Laws, ch. 28). The result of these changes in the law has produced a situation which might well seem anomalous to the Legislature. Though the provisions of section 52 of the Domestic Relations Law were intended to remedy conditions which at one time may have prevented a husband from making provision for his wife through the creation of an insurance fund payable to her, under changed conditions it operated as a limitation upon the right of a husband to make, in favor of his wife, the same provision which he might make for others having a lesser claim upon him. No limitation existed upon the right of a stranger named as the beneficiary of a policy upon the life of another to take the entire insurance fund upon the death of the insured, free from any claims of the creditors of the insured, though the annual premiums were paid by the insured, unless such premiums were paid in fraud of creditors. Where the wife was the beneficiary of a policy upon the life of her husband, the creditors of the husband were entitled to the " portion of the insurance money which is purchased by excess of premium above five hundred dollars " out of her husband's property. The statute, intended to create rights in a wife, under changed conditions, resulted in creditors having rights against a wife which they would not otherwise possess. Only the Legislature could remedy this condition.

We are told that the Legislature did intend to remedy

this condition by the enactment of section 55-a of the Insurance Law (Chapter 468, sec. 1, Laws of 1927). The statute provides that: "If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall pre-decease such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid with intent to defraud creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy; * * *."

The statute does not in terms repeal section 52 of the Domestic Relations Law. That section contains not only the provision limiting the right of a wife to take moneys derived from insurance on her husband's life purchased by premiums paid out of her husband's property, but also provisions which in other respects afford protection of the wife. Clearly the new section of the Insurance Law does not by implication repeal any of the provisions of the Domestic Relations Law which are not inconsistent with its terms and general scope. The new section does, however, in terms apply to the proceeds of all policies which are effected by any person on his own life, or on another life in favor of a person other than himself. If we give this language its natural significance, then it includes policies effected by a husband in favor of

his wife. We find no sound reason why the statute should receive any other construction.

The debates in the Senate in regard to the new section leave no doubt that, at least in that branch of the Legislature, it was understood that the purpose and effect of the new section was to include in its scope policies in favor of a wife upon the life of her husband, and to destroy any rights which the creditors would otherwise have to the portion of the insurance moneys purchased by excess of annual premiums above $500 paid out of the husband's estate. The language of the statute is derived from similar statutes of Massachusetts and of Pennsylvania. In those jurisdictions the statutes apply to all policies, including policies in favor of a wife, upon the life of her husband. In employing the same language the Legislature of New York may hardly be presumed to have intended that, in this jurisdiction, the language should have a more restricted meaning. Some lack of deftness is evident in adapting the language of the statutes of other jurisdictions to our own statutory scheme. None the less, the intention is evident to remedy the condition which has precluded a husband from effecting insurance upon his life as a provision for the benefit of his wife even to the extent to which he might make such provision for the benefit of others having lesser claims. Certainly when the Legislature decreed that the lawful beneficiary or assignee of a policy, effected by another on his own life, is entitled to the proceeds of the policy against the creditors of the insured, whether or not the right to change the beneficiary is reserved or permitted, we may not reasonably hold that the Legislature intended that an exception must be made in favor of the creditors of the insured against the wife.

The same considerations which impelled the court to give a broad scope to the language of the statute intended to remedy conditions as they existed in 1840 should lead the courts to a liberal construction of the language of

the statute intended to remedy conditions as they exist to-day. As we have already pointed out, the courts have held that the earlier statute applied to any insurance fund created by the husband's annual appropriation or investment of his moneys in premiums for insurance upon his life for the benefit of his wife, though in express terms the statute refers to the proceeds of a policy only where the wife " causes " her husband's life to be insured. So, though the language of the later statute refers in express terms only to a policy of insurance " effected by any person on his own life or on another life, in favor of a person other than himself," it seems evident that the Legislature intended by that language to include all cases where a person by appropriation or investment of his own money in premiums for insurance upon his own life for the benefit of another creates an insurance fund for the beneficiary. There is no reasonable basis here for a construction which would create distinctions between policies where the contract of insurance is made by the insurance company with the beneficiary, and policies where the contract is made with the person whose life is insured, or between policies where the beneficiary is a stranger to the person whose life is insured and policies where the beneficiary is his wife. The Legislature was dealing primarily with the conflicting rights, on the one hand, of creditors or personal representatives of a person, whose life is insured; and, on the other hand, of a beneficiary of the policy, to an insurance fund created by the appropriation of moneys of the insured for the payment of premiums. Within the meaning of the statute, in all cases insurance is " effected " by the person whose life is insured, upon the appropriation and investment by him of his moneys in the premiums which create the insurance fund. Other construction would defeat rather than effectuate the legislative intent and create distinctions without any logical basis.

It follows that no action can be maintained by a creditor

of Abraham Crosney, deceased, to reach insurance moneys, payable under policies of insurance upon his life to his wife as beneficiary, purchased by excess of premiums above five hundred dollars paid out of his estate. Their rights in the proceeds of such policies are confined to the amount of the premiums, with interest, which may have been paid by the deceased in fraud of his creditors. The question whether the creditors would have any right to premiums not in excess of five hundred dollars is not now before us.

The order of the Appellate Division should be reversed and the judgment of the Special Term affirmed, with costs in the Appellate Division and in this court. The question certified should be answered: " No."

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Ordered accordingly. 