## DELLEFIELD v. BLOCK et al.

District Court, S. D. New York.
Sept. 15, 1941.

Isidor Lazarus, of New York City, for judgment creditor.

James Male, of New York City, for judgment debtors.

RIFKIND, District Judge.

The debtors have moved for an order declaring exempt from execution certain property which had been levied upon by the Marshal. The property is listed in Schedule A annexed to the moving papers.

Upon the argument the temporary stay previously granted was lifted as to the following articles and the Marshal was authorized to sell:

1 Silver fox jacket.

1 Sable scarf.

1 Mink coat.

1 Ermine coat.

1 1939 Buick Sedan.

1 Longine wrist watch and band.

1 Elgin pocket watch and chain, with comb.

After further consideration it is my conclusion that the debtors are entitled to an exemption, pursuant to Section 665 of the N. Y. Civil Practice Act, of the following additional items:

All of the lady's clothing with the exception of the furs previously referred to.

1 Table.

8 Chairs.

All knives, forks, spoons and butter spreaders.

All chinaware and crockery.

All linens.

Insofar as the foregoing items exceed the statutory enumeration they are covered by the additional exemption of $250.

One item—two paid up life insurance policies—presents some question. These policies were taken out by Mr. Block upon his own life, in favor of his wife who is the other judgment debtor. It is asserted that Block has borrowed against them to their maximum loan value and that, therefore, he has no equity therein.

The judgment debtors contend that the insurance should be exempted pursuant to the Insurance Law because the beneficiary

thereof is the wife of the insured. On the other hand, the argument is made that no exemption exists because the beneficiary is bound upon the judgment herein as well as her husband. Stated differently, the interests of the Blocks in these policies are merged into a single interest because they are jointly liable upon the plaintiff's judgment. The point appears to be novel.

It is my opinion that the separate estates of insured and beneficiary, created at the outset of the contracts of insurance and fundamentally different in their natures, cannot be considered as merging by the mere circumstance of the entry of a joint judgment.

Section 166 of the Insurance Law is an "exemption" statute and as such must be liberally construed.

In re Keil, 2 Cir., 88 F.2d 7. It is plain from a reading of it that the respective interests of insured and beneficiary were considered separate and apart from each other. And from reason alone no other conclusion can be reached. The insured has, during his lifetime, certain present rights which arise out of his policy: The right to dividends, to assign, to borrow, to surrender for cash, and to change the beneficiary. The beneficiary has a mere inchoate right to the proceeds and avails upon the happening of a contingency and which right is subject to being defeated at the will of the insured. Davis v. Modern Industrial Bank, 279 N. Y. 405, 18 N.E.2d 639. And the interests that the insured has in the policies have been construed whenever possible to be "avails" and "proceeds" so as to come within the exemptions of the statute. Thus have been construed the rights to cash surrender and to change the beneficiary (In re Messinger, 2 Cir., 29 F.2d 158, 68 A.L.R. 1205; Schwartz v. Holzman, 2 Cir., 69 F.2d 814); and the right to dividends which the insured had elected to accrue for the benefit of the beneficiary. In re Keil, supra.

By its terms Section 166 protects the avails and proceeds of insurance taken out by the insured upon his own life for the benefit of another as against the creditors of the insured. Subd. 1, first sentence. It is clear, therefore, that this plaintiff, considered as a creditor of Mr. Block, cannot reach these policies.

The only question remaining is whether, as a creditor of the beneficiary, the plaintiff is entitled to levy. The second sentence of subd. 1 of Section 166 provides that when insurance is effected by a wife upon her husband's life for her own benefit, she is entitled to the proceeds and avails against not only the husband's creditors, but her own as well. In this case it appears to have been the husband, rather than the wife, who "effected" the insurance.

In Chatham Phenix Nat. Bank & Trust Co. v. Crosney, 251 N.Y. 189, 167 N.E. 217, Judge Lehman considered at length the purpose and effect of the predecessor statutes to the instant one. It was pointed out that the earliest statute, enacted in 1840, created an exemption by its terms, only in the instance where a wife "caused" her husband's life to be insured for her benefit, and nonetheless the courts consistently held the statute to apply where the insurance in favor of the wife was effected by the husband (citing cases). Judge Lehman stated it to have been the legislative intent, respecting these statutes, to protect the insurance fund created by the husband's moneys. It was also pointed out that, in order to bring the case within the terms of the statute, the husband would be deemed to be acting as agent for the wife in creating the insurance.

Passing to Section 55-a of the Insurance Law (upon which the present Section 166 is based), the court in that case referred to the fact that by its terms the section conferred an exemption only in favor of a beneficiary other than either the insured or the person procuring same. Yet it was held that the legislature intended to include all cases where a person by investment of his own money for insurance upon his own life for the benefit of another creates an insurance fund for the beneficiary.

Nothing has been called to my attention which reveals the intent of the legislature in enacting the present Section 166, but upon its face it reveals no restriction but rather an enlargement of the exemptions previously existing. It is true that by its precise terms the present case is not provided for, but for the same cogent reasons that have motivated earlier decisions I have concluded that the statute applies to the case at bar. It follows, therefore, that the proceeds and avails of these policies are exempted from the execution of Mrs. Block's creditor.

618

As to the remaining items on Schedule A no exemption exists, the stay will be lifted as to them and the Marshal authorized to sell.

Submit order in accordance with above.