In the Matter of JOSEPH LEVINE, Plaintiff, *v.* LAURDAN MANAGE-
MENT CORP. et al., Defendants.*

City Court of New York, New York County, December 4, 1942.

*Hersh & Gerber* for Alice Gerzog, defendant, judgment debtor.

*Raphael H. Rosenbluth* for plaintiff, judgment creditor.

COLEMAN, J.  This is a motion by a judgment debtor to vacate a subpœna in supplementary proceedings served upon a life insurance company by a judgment creditor by the terms of which the insurance company is restrained from paying over to the judgment debtor the proceeds of a policy upon the life of her husband, now deceased.  The question presented is whether those proceeds are exempt from the payments of the wife's own debts, and the answer turns upon the construction of section 166, subdivision 1, of the Insurance Law (Cons. Laws, ch. 28).

The facts are set forth in the papers only fragmentarily but we assume the case to be the ordinary one of a husband's apply- ing for and obtaining insurance upon his own life and naming

---
* Affd. 180 Misc. 672, 266 App. Div. 840.

his wife as beneficiary, he paying the premiums. In such a case may the wife receive the benefits free from the claims of her own creditors? Each side refers to the second sentence of the statute: "If any policy of insurance has been or shall be effected by any person upon the life of another person in favor of the person effecting the same or made payable, by assignment, change of beneficiary or otherwise, to such person, the latter shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person insured; if the person effecting such insurance shall be the wife of the insured, she shall be entitled to the proceeds and avails of such policy as against her own creditors, trustees in bankruptcy and receivers in state and federal courts."

Paraphrased, then, where a wife effects insurance upon the life of her husband, the proceeds are exempt from the claims of her creditors. The narrow question is the meaning of the word "effect." The judgment debtor relying upon *Chatham Phenix National Bank* v. *Crosney* (251 N. Y. 189) and *Dellefield* v. *Block* (40 Fed. Supp. 616), argues that any insurance "obtained," in a popular sense, by a husband for the benefit of his wife, is "effected" by her and that the proceeds, therefore, are exempt. The Court of Appeals did, it is true, hold that a wife "caused" insurance to be obtained for her own benefit when it was her husband who applied for and obtained insurance on his own life for her benefit. It did so in a case where the opposing creditors were the husband's, not the wife's, and in construing a statute (Domestic Relations Law, § 52; Cons. Laws, ch. 14) which exempted from claims of a husband's creditors proceeds of insurance which the wife was instrumental in "causing." It recognized however that the insurance had been "effected" by the husband; it concerned itself only with a definition of "causing." In *Dellefield* v. *Block* (*supra*) the judge thought that the word "effect" in the statute under consideration should be given the same meaning as "cause," so as to exempt the proceeds not only from the husband's creditors but from the wife's.

The judgment debtor should not prevail. In enacting section 166 of the Insurance Law, the Legislature was fixing the rights of all creditors as against insured and beneficiary. The scheme of the statute is complete. Where A insures his life — "effects" insurance upon his life — for the benefit of B, irrespective of who B may be, B takes as against creditors of A. Where A, having an insurable interest in the life of B effects

insurance upon B for A's own benefit, A takes over the creditors of B. But if A is the wife of B, she also takes over her own creditors. The word " effect " then is given a natural and a uniform meaning applicable to all cases, referable throughout the statute to the one who is the " procuring cause " of the insurance, in this instance, the husband. Under the judgment debtor's reasoning " effects " would have its natural meaning for all the cases covered by the statute, except where the husband " effects " insurance for his wife's benefit. In such a case, the judgment debtor says it is really the wife who has " effected " the insurance. " But where the same words are used in different parts of the same act, in connection with the same subject-matter, it is contrary to settled rules of construction to give them different meaning, in the several places where they occur." (*Mangam* v. *City of Brooklyn,* 98 N. Y. 585, 592.)

Moreover, there is no need to resort to unusual interpretation or construction in order to exempt the proceeds from the wife's creditors. In the absence of statute the proceeds of a policy upon the life of a husband payable to a wife are not exempt from the claims of her own creditors. (*Amberg* v. *Manhattan Life Ins. Co.,* 171 N. Y. 314.) Section 15 of the Personal Property Law (Cons. Laws, ch. 41) to a limited extent deals with the matter. That statute " is a clear and unambiguous statement of the purpose of the Legislature to exempt from legal process, except in an action to recover for necessaries, the benefits accruing after the death of the insured under a trust or other agreement relating to the proceeds of a life insurance policy left with the insurance company where the parties to the trust or other agreement agree that such benefits shall be so exempt." (*Crossman Co.* v. *Rauch,* 263 N. Y. 264, 271.) Further than that the Legislature has not gone, except where the wife actually effects insurance and is not merely the beneficiary. There was no trust or other agreement here and the proceeds are not exempt from payment of the wife's own debts.

The motion to vacate the subpœna is denied.