LUEBKE, by Guardian, Appellant, vs. VONNEKOLD,
Respondent.

*April 10—May 13, 1947.*

For the appellant there were briefs by *Walter D. Corrigan, Sr.,* and *Thomas M. Corrigan,* both of Milwaukee, and oral argument by *Thomas M. Corrigan.*

For the respondent the cause was submitted on the brief of *Milton E. Zuleger,* attorney, and *William H. Churchill* of counsel, both of Milwaukee.

RECTOR, J.   Two questions are presented:

1. Is the status of a married woman for the purpose of the exemption provided by sec. 246.09, Stats., to be determined as of the time the insurance is caused to be made payable to her or may it be determined as of the time the proceeds are payable?

2. Was the insurance on Kern's life effected by him or another person and caused to be made payable to the respondent

by the one who effected it, within the meaning of sec. 246.09, Stats. ?

The applicable provisions of the statute read:

"(1) Any married woman may, in her own name or in the name of a third person as her trustee, with his assent, cause to be insured for her sole use the life of her husband, son or other person for any definite period or for the natural life of such person; and any person, whether her husband or not, effecting any insurance on his own life or on the life of another may cause the same to be made payable . . . to a married woman; . . . and every such policy, . . . made payable to any married woman . . . shall be the sole and separate property of such married woman, . . . and in case of her surviving the period or term of such policy the amount of the insurance . . . shall be payable to her . . . for her own use and benefit, free from the . . . claims of her creditors. . . . The amount of such insurance, proceeds and avails free from the control, disposition or claims of her creditors shall be limited to five thousand dollars. . . ."

It is in the nature of an exemption law and is to be liberally construed to effectuate its purpose. *Wanschaff v. Masonic Mut. Ben. Society of Indiana* (1890), 41 Mo. Ap. 206. See also *Julius v. Druckrey* (1934), 214 Wis. 643, 254 N. W. 358.

We are of the opinion that the statute looks to the status of the beneficiary as a married woman at the time the insurance is caused to be made payable to her rather than at the time the proceeds are payable. The first clause provides that any married woman may cause the life of her husband, son, or some other person to be insured for her sole use. Clearly it refers to a woman married at the time the insurance is effected. Moreover, the provision was inserted in the New York law from which this clause was in part taken (*Canterbury v. Northwestern Mut. Life Ins. Co.* (1905). 124 Wis. 169, 102 N. W. 1096) to remove doubts at common law that a married woman had an insurable interest in the life of her husband. *Chatham Phenix Nat. Bank v. Crosney* (1929), 251 N. Y.

189, 167 N. E. 217. The clause which follows is the one here involved. Its language that "any person, whether her husband or not, effecting any insurance on his own life or on the life of another may cause the same to be made payable . . . to a married woman" also refers to a woman married at the time the insurance is effected or is caused to be made payable to her. As in the case of the first clause, it deals with the question of insurable interest as well as with the matter of exemption. Bliss, Life Insurance, p. 34.

The question of insurable interest must necessarily be determined as of the time the policy is effected or the beneficiary is named. Therefore, the status of a beneficiary for the purpose of the statute must necessarily be determined as of the time the insurance is effected or the beneficiary is named.

In any event the status of the beneficiary is not to be determined as of the time when the policy is payable upon the death of the insured. If such were the case, a widow would be deprived of the proceeds of a policy payable upon the death of her insured husband. The death would dissolve the marriage and the proceeds would be payable to a single woman. The status of the married woman to whom reference is made must therefore be determined as of a time prior to the time the proceeds are payable. The only time as of which it could be determined in reason and in accordance with the language of the statute would be the time the insurance is effected or the beneficiary named, as the case may be.

With respect to the second question, the appellant argues that the proceeds are not exempt because the insurance was not effected by Kern upon his own life and made payable to the respondent within the meaning of the statute. The argument overlooks the fact that the statute also applies to a case where a person may effect insurance on the life of another and cause it to be made payable to a married woman. We are of the opinion that insurance on Kern's life in the amount of

$1,500 was effected by the Schlitz Company and caused to be made payable to the respondent as a married woman.

The Schlitz Company is a "person." Sec. 370.01 (12), Stats. There can be no doubt that it effected insurance on the life of Kern. It effected $500 in insurance by executing the group policy, paying the premiums thereon, and delivering to Kern his certificate in that amount. The additional amounts were likewise effected by the company. They were effected according to terms of the group contract and were paid for by it.

The company caused the $500 in insurance evidenced by the certificate to be made payable to the respondent by furnishing to the insurer on the enrolment card instructions as to the name of the beneficiary. The arrangement between the company and the insurer contemplated the furnishing of information by the company to the insurer upon which certificates would be issued. Under sec. 15 of the group policy such certificates were issued by the insurer to the company for delivery to the employee. Kern's part in naming the beneficiary consisted in advising his employer as to her name. The employer then caused the insurance to be made payable to her by instructing the insurer to that effect. The additional insurance of $1,500 was also caused to be made payable by the company since it was effected upon the terms and conditions of the original certificate which named the respondent as the beneficiary.

Since, as we have said, the original $500 certificate was made payable to the respondent as a single woman, she is not entitled as a married woman to exemption of that amount of the proceeds from the claims of her creditors. The additional insurance of $1,500 was effected and made payable to her as a married woman and she is entitled to exemption of that amount.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of the plaintiff in the amount of $500.