In the Matter of CHARLES H. LEVITT, Judgment Creditor, against BLUME R. FICHTNER, Judgment Debtor.

Supreme Court, Special Term, New York County, March 30, 1948.

*Michael Sibilio* for judgment creditor and receiver.

*Robert Irving Lennox* for judgment debtor.

*Solon Weit* for Prudential Insurance Company of America.

HOFSTADTER, J.  The preliminary objection of the judgment debtor addressed to the timeliness of the service of the order to show cause is overruled.  So long as the judgment remains unsatisfied, the pendency of the proceeding to reach the proceeds of another insurance policy is not a defense to the present proceeding.  The judgment debtor has submitted no proof tending to show that the proceeds of the policy which the receiver is seeking in this proceeding to have applied to the payment of the judgment are exempt from her debts.  It does not appear

that she effected the insurance on her late husband's life within the meaning of section 166 of the Insurance Law. In fact, the policy seems to have been obtained by all the stockholders of a corporation of which the insured himself was a stockholder and the premiums were paid by this corporation. In these circumstances, the judgment debtor cannot be held to have effected the insurance so as to exempt its fruits from the claims of her creditors. (*Matter of Levine* v. *Laurdan Management Corp.*, 179 Misc. 241, affd. 180 Misc. 672, affd. 266 App. Div. 840.)

The policy proceeds are held by the insurance company under a claim settlement certificate issued to the judgment debtor at her request. In accordance with the terms of the certificate, the insurance company has been paying the judgment debtor $74.17 monthly, this being interest on the principal sum left with the company. The principal sum with accrued interest and dividends " may be withdrawn on demand " by the judgment debtor, subject to the reserved right of the company to defer payment for not exceeding six months after the date of the demand. So far as the papers disclose, no agreement was entered into with the insurance company in accordance with section 15 of the Personal Property Law by which the moneys held by the company were made not subject to legal process, as was done in *Matter of Genesee Valley Trust Co.* v. *Glazer* (295 N. Y. 219). There seems, therefore, no escape from the conclusion that the policy proceeds are not beyond the reach of the receiver in supplementary proceedings.

The insurance company contends, however, that a summary order against it under section 794 of the Civil Practice Act would be violative of the contract between it and the judgment debtor and, furthermore might subject it to the hazard of double liability. Neither of these points is well taken.

The first rests on the assumption that, because the judgment is substantially less than the principal sum in the hands of the company, the court would order payment only of the amount necessary to satisfy the judgment. Such direction, the company urges, would require it to pay out a part of the sum and to continue to hold the balance at interest, whereas, the right of withdrawal given to the judgment debtor by the contract entitles her to demand the entire·principal sum but not a part. An order for partial payment would thus impose on the company a contract other than the one which it made with the judgment debtor. The vice in the company's position is its initial assumption that the court would order partial payment, rather than full payment of the fund on hand. An order for full pay-

ment, reserving to the company its contract right to defer such payment, would be in exact accord with the terms of the settlement certificate.

The asserted risk of double liability is illusory. Since the judgment debtor is a party to the proceeding she will be concluded by any order made and thus full protection is afforded the insurance company against any later claim by the judgment debtor. Section 794 of the Civil Practice Act expressly provides for the discharge of a debtor who makes payment in obedience to an order made under that section.

The insurance company contends next that it is entitled to personal demand by the judgment debtor before it is obliged to pay the fund. A sufficient answer is that the receiver in supplementary proceedings succeeds to the property rights of the judgment debtor and that his demand, fortified by a court order, is in law the equivalent of a demand by the debtor. Were the company's contention upheld, the judgment debtor could by the simple expedient of withholding demand, clothe the insurance proceeds with the very exemption which the law denies them. The rights of judgment creditors are not to be thwarted so easily.

Finally, the insurance company urges that the court should remit the receiver to a plenary action rather than dispose of the controversy by a summary order. Were any necessary party not before the court or were the facts not fully developed this argument might carry weight. The facts here are not in dispute and the question of law on which the controversy hinges can be decided as readily now as on a trial. An order in this proceeding will determine the issue on the admitted facts as fully and be as binding on the parties as a judgment after trial. In the circumstances, relegation of the parties to a plenary action would be a needless sacrifice to formalism, and would not serve the interests of justice.

Inasmuch as an order carrying into effect the foregoing views will deprive the judgment debtor of the benefit of her contract with the insurance company, the court will withhold the entry of an order hereon for ten days after the publication of this memorandum. In the interval the parties may formulate a plan for the payment of the judgment which will enable the judgment debtor to preserve this contract in whole or in part. If such plan is evolved and requires an order for its effectuation, the order will be entered on a proper stipulation of the parties.

Settle order accordingly.