**In the Matter of Mary G. BIFULCI, Bankrupt.**

United States District Court
S. D. New York.
Sept. 25, 1957.

630

Edward S. Minzner, New York City, for Bankrupt.

Leonard Kolleeny, New York City, for Trustee.

DAWSON, District Judge.

This is a petition to review a decision of the Referee in Bankruptcy, in which the Referee adjudged that the proceeds of an insurance policy on the life of the bankrupt's deceased husband passed to the Trustee.

The Referee, after a hearing held on November 27, 1956, made certain findings of fact and conclusions of law. An examination of the transcript of the hearing shows that the evidence supported the findings of fact of the Referee. In a proceeding to review a determination of the Referee the Court should not set aside the findings of fact of the Referee, who saw the witnesses and heard the testimony, unless the findings of fact are clearly erroneous. General Order 47, 11 U.S.C.A., following § 53; 2 Collier on Bankruptcy, par. 39.28.

The findings of fact show that the husband of the bankrupt made application for an insurance policy on his life in the sum of $10,000; that the policy was issued and delivered to him. While the premiums were paid by the wife (the bankrupt), either by checks drawn on her account or by checks drawn on the business account of a business of which she was the proprietor, nevertheless the actual effecting of the insurance was done by the husband.

Section 166 of the Insurance Law of the State of New York, McK.Consol. Laws, c. 28 provides in part:

"If the person effecting such insurance shall be the wife of the insured, she shall be entitled to the proceeds and avails of such policy as against her own creditors, trustees in bankruptcy and receivers in state and federal courts."

The issue, therefore, is whether in this case the insurance was "effected" by the wife (the bankrupt) or whether it was "effected" by her husband. It has been held that where a husband applies for and obtains insurance upon his own life, names his wife as beneficiary and pays the premiums, the wife does not "effect" the insurance within the meaning of the

statute. Levine v. Laurdan Management Corp., 1942, 179 Misc. 241, 38 N.Y.S.2d 442, affirmed 180 Misc. 672, 41 N.Y.S. 2d 123, affirmed 1943, 266 App.Div. 840, 43 N.Y.S.2d 751.

In the instant case it may be assumed that the premiums were paid by the wife, either directly or indirectly, but does that mean that she "effected" the insurance? The Referee properly decided that although payment of premiums may be some evidence as to who "effected" the policy, it is not conclusive. The word "effect" is defined in the dictionary as "to accomplish." It must carefully be distinguished from "affect" which would mean "to influence." The wife indeed may have influenced her husband to take out the insurance and may have assisted in the payment therefor by causing the premiums to be paid, but the evidence is that it was the husband who actually made the application for the insurance and secured the insurance policy. While the wife may have "affected" the issuance of the insurance policy, it was the husband who "effected" the issuance of the policy.

The statute obviously contemplates that in order for the proceeds to be exempt from claims of creditors of the wife a situation must exist where the wife on her own initiative takes out insurance upon her husband, making the application for the policy and receiving the policy. This is quite different from a situation where the husband, even at the instigation of his wife, takes out a policy of insurance, signs the application and receives the policy and thereafter the proceeds are paid to the wife as the beneficiary at his death.

The Referee was correct in determining that the proceeds of the policy belong to the wife and hence went to the Trustee in Bankruptcy and that they were not exempt from claims of her creditors. The order of the Referee, dated May 23, 1957, is affirmed.

So ordered.