P. BEN KAUFMAN, as Executor of SARA KAPLAN, Deceased, Judgment-Creditor-Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY et al., Third-Party Respondents; DAVID TUCKERMAN et al., Judgment-Debtors-Intervenors-Respondents.

First Department, April 17, 1969.

*Jacob Rosenbloom* of counsel (*P. Ben Kaufman*, attorney), for appellant.

*David G. Schryver* of counsel (*Harry J. McCallion*, attorney), for third-party respondents.

*Mortimer J. Metchik* of counsel (*Sherman & Citron*, attorneys), for intervenors-respondents.

*Per Curiam.* This is an appeal from a judgment, denominated an order, entered April 5, 1968, which denied a motion of the petitioner-appellant brought in a special proceeding to compel the intervenors-respondents to surrender certain life insurance policies to the third-party respondents for their cash value and to turn over such value to the petitioner-appellant.

Sometime prior to the death of Sara Kaplan, aunt of David Tuckerman, one of the judgment-debtor-intervenor-respondents, she made a loan to David for which he executed a promissory note in the sum of $16,558.62. This note remained unpaid at the time of her death. Petitioner-appellant as executor of the estate of Sara Kaplan brought suit on the note and on August 1, 1967 obtained a judgment in the sum of $20,323.80 against the judgment debtors. The judgment was not paid and appellant instituted this proceeding seeking to satisfy the judgment in part by realizing upon the cash surrender value of four insurance policies (CPLR 5225, subd. [b]). The court is in complete agreement with the disposition at Special Term with respect to the policy taken out by the judgment debtor Sylvia Tuckerman on the life of David of which she was the beneficiary (Insurance Law, § 166, subd. 1). A difference of opinion exists, however, as to the remaining three life insurance policies taken out by judgment debtor David Tuckerman, her husband, between 1944 and 1957. On two of these policies Sylvia is the named beneficiary and on the third the parties' son Elliot is the beneficiary. In August, 1960 for reasons of estate planning, and prior to experiencing financial difficulties which prevented payment of the promissory note, David assigned and transferred ownership of the three policies to Sylvia. The aggregate cash surrender value of the policies is estimated to be slightly in excess of $7,000.

The question to be determined is whether the proceeds and avails of such policies are exempt from attachment by appellant, a judgment creditor, by reason of the provisions of section 166 of the Insurance Law.

As to two of the policies Sylvia Tuckerman is both beneficiary and, by reason of the assignment, owner. She has an option to obtain the cash surrender value of such policies (Insurance Law, § 155, subd. 1 par. [f]). But for the assignment of such policies, the proceeds thereof clearly would have been exempt from attachment as to the debtor Sylvia Tuckerman since she would only have had the interest of a beneficiary (Insurance Law, § 166, subd. 1). Since that section does not in express language provide an exemption in the case of the two assigned policies of which she is now both beneficiary and owner, we look to the aim and purpose of the statute to determine if such policies could reasonably be construed to fall within its protection.

As the wife of the co-judgment debtor, Sylvia had an insurable interest in his life. The contract of insurance when issued was taken out in good faith and was valid. Sylvia's interest was not terminated when the policies were assigned to her. It is not disputed that the assignments were not in furtherance of any fraudulent scheme or to evade any existing obligation. The policy constituted a contract to pay a certain amount of money to Sylvia on the death of David, the assured, it being David's intention, as expressed by the act of policy procurement, to provide for Sylvia in the event of his death. The act of assignment was only in furtherance of that objective.

Under subdivision 1 of section 166 of the Insurance Law, prior to transfer the proceeds of the policies as to which Sylvia was the beneficiary would be exempt from creditors of both David and Sylvia. The section states further "if the person effecting such insurance shall be the wife of the insured, she shall be entitled to the proceeds and avails of such policy as against her own creditors, trustees in bankruptcy and receivers in state and federal courts." Under the language quoted Sylvia could be both owner and beneficiary if she effected the policy. Save for one factor that is precisely the situation which presently exists as to the two policies of which she is now both owner and beneficiary. The single difference and point of separation between the statutory provision quoted, where title is created by virtue of an affirmative act of the wife, and our case is that title here was vested in Sylvia by reason of the act of another, her husband. Section 166 of the Insurance Law is substantially a re-enactment of section 55-a of the Insurance Law of 1909, which section 55-a took effect in 1927. It is an exemption statute (cf. *Schwartz* v. *Seldon*, 153 F. 2d 334; *Matter of Messinger*, 29 F. 2d 158, cert. den. *sub nom. Riley* v. *Messinger*, 279 U. S. 855) designed to aid in preserving the home and preventing pauperism. The several policies, including that on which

Elliot was the named beneficiary, were taken out by David in recognition of his legal and moral duty to his family. The single act of assignment, having been in good faith, should not be allowed to defeat that purpose. The statute should be given a liberal construction to achieve the end of protecting dependents of the insured. Nor should the fact that there is a reservation of right to change the beneficiary on the policy in which Elliot is named, dictate a contrary result as to such policy. Sylvia cannot be compelled to change the beneficiary, and if perchance she named herself the general objective of protection of dependents would not be negatived.

There have been intimations of a theory of agency in that the wife "causes" the life of her husband to be insured through her husband as agent. The court stated in that connection "in creating the insurance fund as a provision for the benefit of his wife, the husband acts as the agent of the wife only in the sense that he enables the wife to obtain the benefit of the fund" (*Chatham Phenix Nat. Bank* v. *Crosney,* 251 N. Y. 189, 193). The court there dealt with the sufficiency of a complaint alleging the wife of an insolvent insured deceased caused his life to be insured. Giving the language its natural significance the court concluded that it embraced policies "effected" by a husband in favor of his wife, as well as where the wife "caused" insurance to be effected. In discussing the language of the earlier statute where a wife "causes" her husband to be insured, and the later language with reference to a policy being "effected" by a person on his own life or that of another, the court felt the Legislature intended to include all cases where a person properly utilizes his own moneys in paying premiums to create a beneficiary fund for another. In dicta, the court said: "there is no reasonable basis here for a construction which would create distinctions between policies where the contract of insurance is made by the insurance company with the beneficiary; and policies where the contract is made with the person whose life is insured, or between policies where the beneficiary is a stranger to the person whose life is insured and policies where the beneficiary is his wife" (p. 197). Under the circumstances here present the mere fact that the beneficial interest and the title merged, it should not defeat the intent of the statute.

In light of the statutory scheme and the purpose as we discern it the judgment (denominated an order) appealed from should be affirmed, with costs and disbursements (cf. *Schwartz* v. *Holzman,* 69 F. 2d 814, cert. den. 293 U. S. 565; *Schwarz* v. *Seldon,* 153 F. 2d 334; *Dellefield* v. *Block,* 40 F. Supp. 616).

STEUER, J. (dissenting). In this proceeding a judgment creditor seeks the surrender value of four insurance policies. The judgment debtors are David and Sylvia Tuckerman, husband and wife. All of the policies in question were on the life of David. Three of them were taken out by him and later assigned to Sylvia. The fourth was taken out by Sylvia. Exemption from execution of rights in life insurance policies is governed by section 166 of the Insurance Law. The provisions of the section are admirably clear. They provide, first, that if any person effects life insurance on his own life, which insurance is payable to a third person, that third person is entitled to the proceeds free of claims by the creditors of the person effecting the insurance. Secondly, if one person effects insurance on the life of another person in favor of the person effecting the insurance and made payable to the person effecting it as beneficiary or assignee, it is exempt from execution as against the creditors of the person insured, and if the person effecting the insurance is the wife of the insured, it is exempt as against her own creditors also.

As to the three policies effected by David, while it is quite clear that they are exempt from David's creditors, it is equally clear that no exemption is provided as against Sylvia's creditors. The intervenor respondents advance two arguments why the exemption should include her creditors — one based on general considerations, the second on the peculiar facts of this case. Taking these in reverse order, the claim is that the assignment to Sylvia was made at a time when neither was in financial difficulty, and it was done solely in the interest of planning David's estate; and that if David had not made the assignments, Sylvia's creditors could not reach the policies because she then would have no interest against which their claims could have been executed. The conclusion postulated is that the making of the assignments, having been done for a legitimate purpose, should not change this. The answer is that it does. Had the policies never been assigned, and the proceeds became payable to Sylvia upon the death of David, the fund, according to the statute, would carry no exemption against Sylvia's creditors. The assignment precipitated that contingency. Instead of the interest in the policies passing to Sylvia upon maturity, by the assignments those interests passed to her when the assignments were made. There being no exemption in the one situation, there should be none in the other.

The second argument is based on what is supposed to be the general policy of the statute, to enable a man by insurance to provide for his beneficiary and for a wife to provide for herself

by the same means and to free the fund so created from the claims of creditors. The cases relied on for this proposition serve the intervenors' purpose only to the extent that random expressions taken out of context superficially support the intervenors' contentions. But the holdings themselves demolish their position.

Of the three cases, *Fried* v. *United States* (150 F. Supp. 486) involves the question of the priority of the insured to disability payments over a tax lien. It obviously has no bearing on this question. The second case denigrates the intervenors' first argument. In *Dellefield* v. *Block* (40 F. Supp. 616) Judge RIFKIND's able opinion deals with a situation where, as here, both husband and wife were judgment debtors. However, the policy was effected by the husband and it was still in his hands. The contention was that as he had borrowed on the policy up to its full loan value, any interest in it passed to his wife and was not exempt as to her creditors. The decision is directed to this proposition and rejects it. As pointed out above, short of a transfer of the policy to the wife there is nothing for her creditors to levy on and the facts relied on did not constitute a transfer. The most interesting of the three cases is (*Chatham Phenix Nat. Bank* v. *Crosney* (251 N. Y. 189). There, a wife purportedly effected insurance on her husband's life. The then section 52 of the Domestic Relations Law gave her a limited exemption as against the husband's creditors. The subsequently enacted section 55 of the Insurance Law gave a much wider exemption to a person effecting insurance on his own life in favor of any beneficiary. The court held that the person applying for the policy is not necessarily the person effecting the insurance, and in this case it was the husband. Moreover, the broader exemption granted in the Insurance Law applied, even though the section does not specifically repeal any contrary intent that might be implied from the Domestic Relations Law section. No question of the wife's creditors was involved.

Where a statute, as the instant one, makes a specific provision for exemption in one situation and a wider exemption in another situation, it is beyond the function of judicial interpretation to read into it a legislative intent to have both situations governed by the wider exemption. When it is considered that the applicable provisions have been law for over 40 years, with amendments to the section in other respects but not in this, the assumption, based on expressions of a liberal interpretation, rests on grounds too tenuous to sustain it.

As to the fourth policy, it is exempt by the terms of the statute. Petitioner's attempt to exclude it by questioning the underlying facts was properly disposed of at Special Term.

The order should be modified on the law to grant the petition as to the policies issued to David Tuckerman and thereafter assigned to Sylvia Tuckerman and, as so modified, affirmed.

STEVENS, P. J., MARKEWICH and NUNEZ, JJ., concur in *Per Curiam* opinion; STEUER, J., dissents in opinion.

Judgment affirmed, with $30 costs and disbursements to the respondents.