OPINION OF THE COURT
Stephen E. Burgio, J.
This is a motion by plaintiff for a protective order vacating the levy upon the proceeds of a certain insurance policy insuring the life of William Andacht, deceased. Although the notice of motion recites that the motion is made pursuant to CPLR 5240, the instant application shall be treated as a proceeding to determine adverse claims pursuant to CPLR 5239 to vacate the execution and void the levy. (See CPLR 103, subd [c]; Matter of Lakeland Water Dist. v Onondaga County Water Auth., 24 NY2d 400.)
On October 19, 1977 a judgment in the sum of $3,677 was entered in this court by Michael Spadaccini and Marie Spadaccini against Beatrice Andacht, the surviving spouse of *700 William Andacht. Thereafter, the Spadaccinis served an execution with notice to garnishee, dated May 22, 1978, upon the Travelers Insurance Company ("Travelers”). Inasmuch as Travelers, the insurer, retains the proceeds pursuant to the pay-out provisions contained in this policy, it must be determined whether the judgment creditors may execute on that judgment by levying on the proceeds of this policy. Beatrice Andacht is the designated beneficiary thereunder.
Travelers seeks to vacate the levy and cites section 166 of the Insurance Law and section 15 of the Personal Property Law (now EPTL 7-1.5, subd [a], par [2]).
Section 166 of the Insurance Law is clearly inapposite to the facts at bar. This section exempts the proceeds of a life insurance policy from levy by the creditors of a surviving spouse if the person effecting such insurance was the spouse of the insured. No proof has been submitted that Beatrice Andacht effected the policy on the life of William Andacht. Indeed the court notes that the only signature (other than those of witnesses) appearing on the application for life insurance is that of the insured, William Andacht.
EPTL 7-1.5 (subd [a], par [2]) provides in pertinent part: "The proceeds of a life insurance policy which, under a trust or other agreement, are, upon the death of the insured, left with the insurance company may not be * * * subject to legal process except in an action for necessaries, if provisions to such effect were incorporated in such trust or other agreement. ” (Emphasis added.)
Travelers submits a copy of a settlement agreement, dated May 25, 1955, exempting the proceeds retained by the company (Travelers) "from the claims of or legal process by creditors of any beneficiary named herein.” The Spadaccinis contend that this settlement agreement is without force or effect on the subject policy, dated February 23, 1968. This court need not rule upon the applicability of the settlement agreement to the subject policy since the policy contains the following language, "all proceeds held and payments made under an option shall be exempt from the claims of all creditors, to the extent permitted by law.”
This court therefore holds that under EPTL 7-1.5 (subd [a], par [2]) and the last-quoted policy provision, the proceeds of the Andacht life insurance policy retained by Travelers are exempt from levy.
The Spadaccinis now request that a hearing be held by this *701 court to determine whether or not the loan upon which the judgment was based, made to Beatrice Andacht by the Spadaccinis, was made to enable Beatrice Andacht to purchase necessaries. This request made, without any statement of facts to substantiate same by the Spadaccinis, which facts should have been within their knowledge at the time the affidavit was made, must be denied by this court.
The motion to vacate the execution and void the levy is granted.