Abraham Gellinoff, J.
Motion to vacate warrant of attachment, the levies made thereunder and the order of publication, is disposed of as follows:
It appears that the third-party defendant assigned as collateral security to the Commercial Bank of North America three policies of life insurance on his life, payable to his wife Jacqueline Mintzer, as beneficiary. These policies had a total cash surrender value of $22,100, and were part of collateral of $59,000 put up by Jack Mintzer, the third-party defendant, and others jointly and severally liable with him on an indebtedness of $50,000. The interest assigned to the bank under the policies represented the cash surrender values of the policies. Although the indebtedness of $50,000 is due and still unpaid, the bank apparently has not exercised its right under the assignment to demand payment of the cash surrender value. The Sheriff, in the meantime, served the warrant of attachment on the bank and levied upon the policies.
Assuming for the purpose of this motion that the levy was solely upon the third-party defendant’s interest in the surplus of the cash surrender value of the policies after the satisfaction of the debt due the bank, the question remains whether that interest is subject to attachment.
Section 166 of the Insurance Law exempts the proceeds and avails of an insurance policy in favor of a third-party bene *430 ficiary from claims of creditors of the assured. By definition, the term “proceeds and avails” includes in its meaning the cash surrender value of the policy. Until the assured actually elects to take the cash surrender value of the policies by surrendering the policies to the insurer, the ‘ ‘ proceeds apd avails ’ ’ of the policies are exempt from the claims of creditors. This is so because the assured has, as yet, exercised no rights to the proceeds and, therefore, has no control or right to dispose of those proceeds. The assignee bank, in this instance, has the same rights as the assured. But until it exercises its rights under the assignment of the cash surrender value of the policies, the bank possesses nothing more than an inchoate right to the cash. It is even possible that the bank may never elect to surrender the policies.
In the circumstances, the attaching creditor is in no better position than he would be if the assured had not made the assignment; for the proceeds of the policies have not ceased to retain their character as cash surrender values and have not become property over which the assured has the power of control and disposal (Gross v. Gross, 280 App. Div. 433; Senese v. Senese, 121 N. Y. S. 2d 498). Accordingly, the motion is granted in all respects.