In re Bret LLEWELLYN, Debtor.

No. 98–12121 B.

United States Bankruptcy Court,
W.D. New York.

March 31, 1999.

---

Gross, Shuman, Brizdle & Gilfillan, P.C., Robert J. Feldman, of counsel, Buffalo, New York, for debtor.

Penney, Maier, Wallach & Crowe, Mark S. Wallach, of counsel, Buffalo, New York, for trustee.

CARL L. BUCKI, Bankruptcy Judge.

In this Chapter 7 proceeding, the trustee has objected to a portion of the debtor's claim of exemption to the cash value of a life insurance policy. Specifically, the trustee contends that a prepetition premium and interest payment was fraudulent and that therefore that payment must enure to the benefit of creditors pursuant to N.Y. Insurance Law § 3212(e)(2)(A) (McKinney 1985). Because this provision applies to instances only of actual and not implied fraud, the trustee's objection is overruled.

Bret Llewellyn, the debtor herein, filed his petition for relief under Chapter 7 of the Bankruptcy Code on March 27, 1998. Among his scheduled assets was an interest in a policy of whole life insurance. On the date of filing, this policy had a gross cash surrender value of $37,753, against which were outstanding loans of $21,400. Thus, the policy's net cash value totaled $16,353, to which Llewellyn claimed a full exemption. On behalf of creditors, the trustee now asserts an interest in that portion of the cash value which derived from a payment that Llewellyn made to the insurance company during January 1998 in the total amount of $4,729. This sum included an annual premium due by February 1, 1998, in the amount of $3,269, as well $1,460 for interest on the outstanding policy loan. At the time that the debtor made this payment, he was a defendant in an action for money damages.

Section 3212 of the New York Insurance Law broadly exempts the value of most insurance policies from administration by a bankruptcy trustee. In particular, subdivision (b)(1) of this statute provides that "[i]f a policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, or made payable otherwise to a third person, such third person shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person effecting the insurance." This exemption, however, is subject to limitations in subdivision (e) of section 3212. Part (2)(A) of this subdivision provides that, "[s]ubject to the statute of limitations, the amount of premiums or other consideration paid with actual intent to defraud creditors as provided in article ten of the debtor and creditor law, together with interest on such amount, shall enure to the benefit of creditors from the proceeds of the policy or contract."

Article 10 of the New York Debtor and Creditor Law contains the state's version of the Uniform Fraudulent Conveyance Act. Section 278 of this statute creates a cause action to avoid those transfers which satisfy any of six definitions of a fraudulent conveyance. The trustee would specifically rely upon the definition in section 273–a, which provides as follows:

> Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment.

In the present instance, Bret Llewellyn made payment to his insurer at a time when he was also the defendant in an outstanding action that had been commenced against him. If the debtor had transferred assets to someone other than his insurer without consideration, then by reason of 11 U.S.C. § 544(b), the trustee might have been able to assert the rights of a creditor under Debtor and Creditor Law § 273–a. The issue now before the court is whether the Insurance Law allows an exemption for an insurance policy whose

value derives from a payment of similar character.

The exception in subdivision (e)(2)(A) of Insurance law § 3212 applies to "the amount of premiums or other consideration paid with actual intent to defraud creditors." Of the six definitions of fraudulent conveyance in the Debtor and Creditor Law, only that contained in section 276 will satisfy this level of intent. Specifically, this section defines as fraudulent any conveyance made "with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors." In all of the other five definitions, intent is either inferred or applies only to conduct and not consequences. In particular, Debtor and Creditor Law § 273–a establishes a definition of fraudulent conveyance that arises "without regard to the actual intent of the defendant."

The trustee has made no attempt to establish any actual intent to defraud creditors. His reliance upon Debtor and Creditor Law § 273–a is misplaced, in that its inferences are insufficient to satisfy the actual intent requirements of Insurance Law § 3212(e)(2)(A). Accordingly, the debtor has properly claimed an exemption in the insurance policy. This court must, therefore, overrule the trustee's objection.

So ordered.