**In re Richard J. & Diana L. POLANOW-SKI, Salvatore & Eileen P. Pascuzzi, Stephen M. & Bettina A. Jones, Douglas John & Beverly Ann Russell, Debtors.**

Nos. 00–10632 B, 00–10541 B, 99–16997 B, 99–16669 B.

United States Bankruptcy Court, W.D. New York.

Feb. 2, 2001.

John H. Ring III, Buffalo, New York, Trustee for Richard & Diana Polanowski, Stephen & Bettina Jones, Salvatore & Eileen Pascuzzi.

Law Offices of Barry H. Sternberg, Amherst, New York, Janet MacDonald, of counsel, for Richard & Diana Polanowski, Stephen & Bettina Jones.

Penney, Maier, Wallach & Crowe, Buffalo, New York, Mark S. Wallach, of counsel, for trustee of Douglas & Beverly Russell.

Denis A. Kitchen, Jr., Williamsville, New York, for Douglas & Beverly Russell.

Magavern, Magavern & Grimm, L.L.P., Buffalo, New York, Cheryl Smith Fisher, of counsel, for Salvatore & Eileen Pascuzzi.

CARL L. BUCKI, Bankruptcy Judge.

In each of these four cases, the chapter 7 trustee has objected to a claim of exemption for a policy of whole-life insurance that a debtor purchased on his or her own life. For all but one policy, the beneficiary is a co-debtor spouse. In the remaining instance, another family member holds this designation. Relying on the decision of my esteemed colleague in *In re Mata,* 244 B.R. 580 (Bankr.W.D.N.Y.1999), the trustees seek a turnover of the cash values of these policies. Because I believe that the holding in *Mata* is inconsistent with the law of New York, the objections of the trustees are overruled.

As allowed by section 522(b)(2) of the Bankruptcy Code, the State of New York has deigned to establish its own list of assets that are exempt from bankruptcy administration. Section 282 of the New York Debtor and Creditor Law provides that an individual debtor may exempt from the property of his bankruptcy estate "insurance policies and annuity contracts and the proceeds and avails thereof as provided in section three thousand two hundred twelve of the insurance law." In the present instances, the debtors base their exemption upon subdivision (b)(1) of this section, which states:

> If a policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, or made payable otherwise to a third person, such third person shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy, and receivers in state and federal courts of the person effecting the insurance.

In each of the four cases, one of the co-debtors has effected a policy of insurance on his own life in favor of a third person beneficiary. Thus, the beneficiary is entitled to "the proceeds and avails of such policy" as against the bankruptcy trustee of the insured. As defined by subdivision (a)(1) of Insurance Law § 3212, "proceeds and avails" include death benefits, an accelerated payment of the death benefit or of a special surrender value, and the cash surrender and loan values of the policy. With respect to the estate of the policy holder, therefore, the trustee is precluded from administering the insurance, which is to be treated as exempt to the policy holder. For all but one of the insurance policies, the co-debtor spouse is also the beneficiary. The beneficiary, however, has no ownership interest in the policy. For this

reason, the policy is similarly not subject to administration within the bankruptcy estate of the beneficiary.

At the time of bankruptcy filing, the only parties with a possible interest in the disputed policies of insurance were the policy holder and the designated beneficiary. With greater particularity, let us now separately examine these respective interests.

 *Interest of Policy Holder:* With respect to the interest of the policy holder, the decision of the Second Circuit in *In re Messinger*, 29 F.2d 158 (1928), *cert. denied*, 279 U.S. 855, 49 S.Ct. 351, 73 L.Ed. 996 (1929) compels the recognition of an exemption. In *Messinger* as in the present instances, the bankruptcy trustee challenged the claim of an exemption to insurance policies that the debtor listed on his schedule of assets. Both policies were payable to the debtor's wife as beneficiary, although the debtor had reserved the right to change that designation. The operative statute was then identified as section 55–a of the Insurance Law of the State of New York (Consol.Laws, c. 28). This predecessor to Insurance Law § 3212(b)(1) combined provisions that the current statute has allocated among several subdivisions, but includes the essential language of section 3212(b)(1). For ease of comparison, the relevant language in section 55–a is underlined below:

> If a policy of insurance, whether heretofore or hereafter issued, *is effected by any person on his own life* or on another life, *in favor of a person other than himself,* or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, *the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance,* or his executors or administrators, *shall be entitled to its proceeds and avails against the creditors and representatives* of the insured and *of the person effecting the same,* whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person. . . .

In an opinion by Augustus N. Hand, the circuit court in *Messinger* accepted the district court's interpretation of section 55–a of the New York Insurance Law, to the effect that the debtor's life insurance policies became exempt from the claims of creditors. The Second Circuit modified the decision below, however, by restricting the retroactive application of section 55–a, and by requiring that "if the bankrupt shall at any time exercise his power to change the beneficiary for his personal advantage, the cash surrender value shall constitute unadministered assets of the bankrupt estate." 29 F.2d at 161–62.

The Second Circuit Court of Appeals has consistently followed the holding of *Messinger*, so as to recognize an exemption for insurance policies that a debtor has effected on his or her own life for the benefit of a spouse or other third person. Thus, in *In re Keil*, 88 F.2d 7, 8 (1937), Judge Swan reiterated that the New York statute "has been construed to exempt the cash surrender value of policies on the bankrupt's life payable to his wife, and to prevent his trustee in bankruptcy from compelling him to exercise the reserved power to change the beneficiary for his own advantage." Within this Western District of New York, District Judge John Knight followed *Messinger* when he allowed an exemption for insurance in *In re Horwitz*, 3 F.Supp. 16 (1933). Similarly, under the predecessors to Insurance Law § 3212(b)(1), the courts of New York State have consistently assumed such an exemption for life insurance. *Chatham Phenix Nat. Bank & Trust Co. v. Crosney*, 251 N.Y. 189, 167 N.E. 217 (1929); *Gross v. Gross*, 280 A.D. 433, 114 N.Y.S.2d 117 (1st Dept.1952); *Dinnerstein v. Schafler*, 34 Misc.2d 429, 225 N.Y.S.2d 986 (Sup.Ct.N.Y.County, 1962). As noted by

the Third Department of the New York Appellate Division in *Males v. New York Life Ins. Co.*, 48 A.D.2d 50, 52, 367 N.Y.S.2d 575 (1975), "an insurance policy with a named beneficiary is deemed to be exempt in a bankruptcy proceeding."

As quoted above, the highlighted text of section 55–a is essentially identical to section 3212(b)(1) of the current Insurance Law. Based upon the binding authority of *Messinger*, this court must recognize an exemption for the interest of a debtor in an insurance policy that that debtor had effected on his or her own life in favor of any third person beneficiary, including a co-debtor spouse.

*Interest of Designated Beneficiary:* In three of the four cases now under consideration, the designated beneficiary is a co-debtor of the insured. The long-established rule of the Second Circuit is that "[t]he beneficiary of a life insurance policy, who may at any time be removed from the benefited position by the insured and against the beneficiary's will, cannot have a vested interest." *In re Greenberg*, 271 F. 258, 259 (2nd Cir.1921). In none of the present instances does the trustee dispute that the insured owner retains an absolute right to change the beneficiary. Pursuant to 11 U.S.C. § 541(a)(5), property of an estate includes an insurance distribution that a beneficiary may receive within 180 days of the filing of a bankruptcy petition. Otherwise, the beneficiary holds only an inchoate interest that is not subject to administration by the beneficiary's trustee in bankruptcy.

Consistent with the above holding is the decision in *Dellefield v. Block*, 40 F.Supp. 616 (S.D.N.Y.1941). This case was a supplementary proceeding to collect a judgment that Dellefield had secured jointly against Louis Block and his wife Lillian. At issue was the exemptibility of an insurance policy that Louis had effected on his own life and which designated Lillian Block as beneficiary. Dellefield contended that any exemption served only to protect the interest of the beneficiary from claims against the insured. Because Lillian was jointly liable on the judgment, however, Dellefield claimed an entitlement to execute upon the policy. Rejecting this argument, the District Court ruled "that the separate estates of insured and beneficiary, created at the outset of the contracts of insurance and fundamentally different in their natures, cannot be considered as merging by the mere circumstance of the entry of a joint judgment." 40 F.Supp. at 617. Similarly in the present circumstances, the debtor/insured possesses an interest distinct from that of the debtor/beneficiary. While the insurance policy is an exempt asset in the estate of the insured spouse, the bankruptcy estate of the beneficiary lacks a sufficient interest to allow for administration by a chapter 7 trustee.

*Response to In re Mata:* In *In re Mata*, 244 B.R. 580 (Bankr.W.D.N.Y.1999), the Honorable Michael J. Kaplan denied an exemption for reciprocal policies of life insurance that co-debtor spouses had each effected on their respective lives for the benefit of the other spouse as beneficiary. Central to Judge Kaplan's analysis was his view that one of the spouses necessarily retained a leviable interest in the loan value of the policy. He reasoned "that the various rights attendant to a whole life policy (borrowing, cashing out, proceeds, change in beneficiary, dividends, etc.) cannot reside 'nowhere'". 244 B.R. at 582. Thus, on behalf of the estate for whichever spouse retained the leviable interest, the chapter 7 trustee was allowed to reach the policy's loan value for the benefit of creditors. To the contrary, I believe that an opposite result follows from a critical review of the respective interests of insured and beneficiary.

The essence of an exemption is to recognize that certain assets are simply not to be subjected to execution. I share Judge Kaplan's belief that the rights to a whole life policy must reside somewhere. In each of the present instances, that "somewhere" is in the estate of the insured. As

is his or her right, the insured owner may freely change the named beneficiary or exercise any of the other contract rights incident to the insurance policy. Unless it designates the estate of its owner as beneficiary, a policy of insurance has been effected in favor of a third person beneficiary, and is therefore exempt under section 3212(b)(1).

Section 3212(b)(1) does not give the beneficiary an exemption in any property, nor does it have need to so provide. The thrust of the statute is to enable the beneficiary to enjoy the "proceeds and avails" of an insurance policy, but only as against any attempt by a trustee to compel an insured spouse to access the value of that insurance. Unless possessed of some additional interest, the beneficiary of life insurance "has a mere inchoate right to the proceeds and avails upon the happening of a contingency and which right is subject to being defeated at the will of the insured." *Dellefield v. Block* 40 F.Supp. at 617, *citing Davis v. Modern Industrial Bank*, 279 N.Y. 405, 18 N.E.2d 639 (1939). Essentially, therefore, the beneficiary's estate lacks an administrable interest in the insurance policies. Meanwhile, in the estate of the insured, these assets are exempt.

This court's interpretation of section 3212(b)(1) also gives better sense to Insurance Law § 3212(b)(2), which reads:

> If a policy of insurance has been or shall be effected upon the life of another person in favor of the person effecting the same or made payable otherwise to such person, the latter shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person insured. If the person effecting such insurance shall be the spouse of the insured, he or she shall be entitled to the proceeds and avails of such policy as against his or her own creditors, trustees in bankruptcy and receivers in state and federal courts.

Recognizing that the second sentence of section 3212(b)(2) expressly grants an exemption for insurance that an owner secures on the life of a spouse for the benefit of the owner, the *Mata* decision implied a contrary result for insurance that someone secures on his or her own life in favor of a spouse as beneficiary. This court agrees with counsel for Jones and Polanowski, who argue that ordinary consumers ought not to be required to exercise such foresight in structuring their insurance programs. Rather, the exemption is available to spouses whether the insurance policies they effect are on their own lives or on those of their spouses. Under this court's analysis, the second sentence of section 3212(b)(2) was needed to extend the benefits of section 3212(b)(1) to all reciprocal policies effected for the benefit of a spouse. When an owner is also the beneficiary on a policy covering the life of his or her spouse, there is no third party beneficiary to whom the protections of 3212(b)(1) can be extended. Hence, the legislature recognized a need for the second sentence of section 3212(b)(2). When an insured policy owner designates any third party to be the beneficiary, however, the exemption of section 3212(b)(1) applies, whether or not a spousal relationship exists between owner and beneficiary.

*Conclusion:* For the reasons stated herein, this Court holds that the debtors have effected policies of insurance in favor of third person beneficiaries, and that these policies are exempt under Debtor and Creditor Law § 282 and Insurance Law § 3212(b)(1). Accordingly, in each case, this Court denies the objections of the trustees to the claimed exemption for life insurance.

Only with the greatest of caution does this judge reach a conclusion that is contrary to another decision by a bankruptcy court in this district. My position is of long standing, however, and was expressly stated prior to publication of the *Mata* decision. *In re Llewellyn*, 231 B.R. 841 (Bankr.W.D.N.Y.1999). Although I sin-

cerely respect the scholarly analysis of my esteemed colleague in *Mata*, I must for the reasons stated herein reach a different result. Practitioners of the law in New York State have long assumed the exempt status of insurance policies such as those which are presently in dispute. *See* Stephen Z. Starr and Brian C. Bandler, *Life Insurance and Annuities May Insulate Some Assets from Loss in Unexpected Bankruptcy Filings*, 22 N.Y.ST.B.A.J. 29 (2000). Surely, a clear discernment of the law on this question is of vital importance to counsel who must regularly advise their clients about the impact of bankruptcy. Accordingly, I urge the trustees to seek review of the present decision in the District Court, so as to resolve the outstanding conflict of position.

So ordered.