In re Helen Gladyce TRAUTMAN, Debtor.

In re Patricia A. Trautman, Debtor.

Nos. 02–15493 B, 02–15404 B.

United States Bankruptcy Court, W.D. New York.

July 25, 2003.

Goldstein, Bulan & Chiari, Harold P. Bulan, Esq., of counsel, Buffalo, NY, for trustee.

Richard O. Robinson, Esq., Buffalo, NY, for Debtors.

CARL L. BUCKI, Bankruptcy Judge.

These cases present a further nuance to the determination of when reciprocal policies of life insurance are exempt from the administration of a bankruptcy trustee, by reason of New York Insurance Law § 3212(b).

Patricia A. Trautman filed a petition for relief under chapter 7 of the Bankruptcy Code at 8:58 A.M. on September 9, 2002. A few minutes later, at 9:01 A.M., Patricia's mother, Helen Gladyce Trautman, filed her own petition for relief under chapter 7. In her schedules, Patricia reported ownership of two policies of whole life insurance having a combined value of $9,578.66. Meanwhile, in her schedules,

Helen acknowledged ownership of three policies with cash values totaling $1,935.75. All five contracts insure the life of the owner, and reserve to the owner the right to change beneficiary. For the beneficiary on their respective policies, Patricia and Helen have each designated the other. Both daughter and mother have claimed an exemption for this insurance. In his capacity as trustee for both cases, Harold P. Bulan now objects to these claims of exemption.

The trustee contends that Patricia and Helen Trautman have maintained reciprocal policies of insurance, in that each debtor has designated the other as her beneficiary. As the trustee for both debtors, Mr. Bulan claims to hold a totality of interest in the policies. Relying on the recent decision of the Honorable William M. Skretny in *In re Teufel*, No. 02–CV–81S (W.D.N.Y. Sept. 24, 2002), the trustee asserts that such reciprocal policies are not exempt from administration. The debtors would distinguish *Teufel* on the basis that that case involved co-debtors who, as husband and wife, had purchased insurance contemporaneously on their own respective lives for the benefit of the other. Here, Patricia and Helen Trautman filed separate petitions in bankruptcy, and procured each of their respective policies on dates that were separate and distinct.

Section 282 of the New York Debtor and Creditor Law provides that an individual debtor may exempt from the property of her bankruptcy estate "insurance policies and annuity contracts and the proceeds and avails thereof as provided in section three thousand two hundred twelve of the insurance law." Of special relevance to the present dispute are the following subdivisions of section 3212:

(a)(1) The term "proceeds and avails", in reference to policies of life insurance, includes death benefits, accelerated pay-

ments of the death benefit or accelerated payment of a special surrender value, cash surrender and loan values, premiums waived, and dividends, whether used in reduction of premiums or in whatever manner used or applied, except where the debtor has, after issuance of the policy, elected to receive the dividends in cash.

. . . .

(b)(1) If a policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, or made payable otherwise to a third person, such third person shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person effecting the insurance.

(2) If a policy of insurance has been or shall be effected upon the life of another person in favor of the person effecting the same or made payable otherwise to such person, the latter shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person insured. If the person effecting such insurance shall be the spouse of the insured, he or she shall be entitled to the proceeds and avails of such policy as against his or her own creditors, trustees in bankruptcy and receivers in state and federal courts.

During the past four years, the bankruptcy courts in this district have expressed contrasting views about the application of these provisions to insurance that a debtor owns on his or her own life, but which designates a co-debtor spouse as beneficiary. My esteemed colleague, the Honorable Michael J. Kaplan, ruled twice in written opinions that such polices were

not exempt under New York law. In *In re Mata*, 244 B.R. 580, 582 (Bankr.W.D.N.Y. 1999), he reasoned that rights under a whole life policy "cannot reside 'nowhere' ". While Insurance Law § 3212(b)(1) protects the interest of a third person beneficiary in the "proceeds and avails" of an insurance policy that the debtor effects on his own life, Judge Kaplan held that when that third person beneficiary was a co-debtor, the joint bankruptcy petition could not insulate the proceeds and avails of the policy from both the creditors of the insured owner and the creditors of the beneficiary. Reiterating this conclusion in *In re Jacobs*, 264 B.R. 274 (Bankr.W.D.N.Y.2001), Judge Kaplan noted that the parties had failed to satisfy the requirements of Insurance Law § 3212(b)(2), which would allow an exemption to a spouse who, as beneficiary, effects a policy of insurance on the life of an insured debtor.

For all of the reasons stated in my decision in *In re Polanowski*, 258 B.R. 86 (Bankr.W.D.N.Y.2001), I disagreed with the decisions and reasoning of Judge Kaplan. In my view, subdivisions (b)(1) and (b)(2) of Insurance Law § 3212 stood independently, and provided separate but limited bases for exemptibility. I felt that the interest of the insured owner was always exempt under subdivision (b)(1), and that the beneficiary held no interest that a trustee could administer. Agreeing with this position was my other esteemed colleague, the Honorable John C. Ninfo, II, in his decision in *In re Hickson*, No. 00–20130 (Bankr.W.D.N.Y. Aug. 14, 2000). Nonetheless, I recognized the need to resolve the conflict of authority, and urged the parties to appeal my decision in *Polanowski*. Although no appeal was taken in that case, other litigants obtained a ruling from the district court on a similar dispute in *In re Teufel*.

In *Teufel*, the trustee objected to a claim of exemption in two polices of whole life insurance. Each of the co-debtor spouses had purchased or "effected" one of these policies in order to insure his or her own life, and each spouse had designated the other as his or her beneficiary. The respective policy owners retained exclusive rights to change beneficiary and to liquidate the cash surrender value of the policy. In the Bankruptcy Court, Judge Kaplan sustained the trustee's objection and ruled that the policies were subject to administration. On appeal to the District Court, the Honorable William M. Skretny affirmed the order of Judge Kaplan. In his written opinion, Judge Skretny did accept a portion of the rationale that I had adopted in *Polanowski:*

> As was established by the Second Circuit in *In re Messinger*, 29 F.2d 158, 161–62 (1928), and reiterated in *In re Polanowski*, 258 B.R. 86, 89 (Bankr. W.D.N.Y.2001), absent a fraudulent transfer, one spouse may pay for a life insurance policy on his or her life for the benefit of the other spouse, and that policy, including any cash surrender value, is beyond the reach of the creditors of the insured spouse. While the Second Circuit upheld an exemption *In re Messinger* for the cash value of a life insurance policy as against creditors of the insured/policy owner/debtor, the court did not address whether such an exemption existed as against the creditors of a beneficiary, when that beneficiary is a joint debtor in a bankruptcy case.

*In re Teufel*, No. 02–CV–81S, slip op. at 8 (W.D.N.Y. Sept. 24, 2002). The District Court disagreed with *Polanowski*, however, with respect to the exempt status of the interest of the beneficiary. Judge Skretny ruled that although section 3212(b)(1) of the Insurance Law created an exemption as against claims of the owner's creditors,

the statute did not insulate the cash value of the life insurance policy from the beneficiary's creditors. Accordingly, in the context of a joint filing, the bankruptcy estate would include the insurance as a non-exempt asset of the beneficiary. In support of this outcome, Judge Skretny further noted that Insurance Law § 3212(b)(2) created a limited exemption for insurance that a debtor effects not on his or her own life, but on the life of the spouse. Rather than to fit into the exception of subdivision (b)(2), Mr. and Mrs. Teufel each chose to purchase insurance on their own lives. In conclusion, Judge Skretny stated that he declined "the invitation to judicially create an exemption that was not provided by the New York Legislature in New York's exemption statutes." *In re Teufel,* No. 02–CV–81S, slip op. at 10 (W.D.N.Y. Sept. 24, 2002).

■ In the Western District of New York, a decision of any one of the District Judges has always been accepted as a binding precedent in bankruptcy proceedings, unless that decision is reversed or until it is contradicted by a ruling of higher or equal authority. *In re Thorsell,* 229 B.R. 593, 597 (Bankr.W.D.N.Y.1999). Accordingly, I view my prior decision in *In re Polanowski* to be effectively overruled with regard to its holding on the exempt status of a policy of life insurance that a debtor effects on his or her own life for the benefit of a co-debtor spouse. These, however, are not the facts of the instant case. Here, the insured owner and beneficiary filed separate petitions.[1] Being mother and daughter, they had no access to the right that the Bankruptcy Code reserves only to husband and wife for the filing of a joint case. Nonetheless, while its facts are

distinguishable, *Teufel* provides the starting point for analysis of the exemptibility of whole life insurance.

■ For the reasons stated in *Polanowski,* I agree fully with that portion of the *Teufel* decision which recognized that absent a fraudulent transfer, a policy of insurance that a debtor owns on his or her own life for the benefit of another is exempt from the claims of the owner's creditors. Pursuant to Insurance Law § 3212(b)(1), the owner may exempt this type of insurance from property of her own bankruptcy estate, without regard to the marital relationship of the insured and beneficiary. Thus, in the present instance, the insurance policy owned by Patricia A. Trautman is exempt from the claims of Patricia's creditors, while the insurance policy owned by Helen Gladyce Trautman is exempt from the claim's of Helen's creditors. The more difficult issue is whether the bankruptcy estate for Patricia includes any interest in insurance on the life of Helen, and whether the bankruptcy estate for Helen includes any interest in insurance on the life of Patricia. In my view, none of these interests is subject to the trustee's administration.

As between Patricia and Helen, if only one had sought relief in bankruptcy, the insurance owned by that debtor would have been fully exempt. *In re Messinger,* 29 F.2d 158 (2nd Cir.1928). The present controversy arises only because the interests both of the insured owner and of her designated beneficiary are included in a bankruptcy estate. Unlike the situation in *Teufel,* however, these respective interests are not administered in the same bankruptcy proceeding. In their argument, the

---

1. The debtors also contend that the instant case is distinguishable because Helen and Patricia Trautman purchased their insurance policies at different times and without any arrangement or understanding of reciprocity.

Section 3212(b) of the Insurance Law does not speak to the question of reciprocity. Accordingly, the contemporaneousness of insurance purchases is a distinction of no consequence to the issue of exempt status.

parties have presented the issue to be a question of exemption. As Judge Skretny noted in *Teufel,* Insurance Law § 3212(b)(1) does not create an exemption from any creditors of the beneficiary. Rather, the issue is more accurately stated to be whether the interest of an insurance beneficiary is property of her bankruptcy estate, when that interest is segregated from ownership rights that have become property of a separately administered estate in bankruptcy.

Section 541(a)(1) of the Bankruptcy Code defines property of the estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." In the present instance, the respective owners of the insurance policies have retained the right to change their beneficiary. When separated from the interest of the owner, the rights of such a beneficiary constitute a mere expectancy, and do not become the type of legal or equitable interest that is property of the bankruptcy estate under section 541(a)(1). Simply stated, a revocable beneficiary has no interest that a trustee can administer in isolation from the interest of the owner. The Second Circuit Court of Appeals reached this same conclusion in *In re Greenberg,* 271 F. 258, 259 (1921), where it found that "[t]he beneficiary of a life insurance policy, who may at any time be removed from the benefitted position by the insured and against the beneficiary's will, cannot have a vested interest." In recognition of this outcome, section 541(a)(5) of the Bankruptcy Code expressly incorporates into the bankruptcy estate any interest in property that the debtor "becomes entitled to acquire within 180 days after [the date of the filing of the petition] .... (C) as a beneficiary of a life insurance policy or of a death benefit plan." This language would not have been necessary if the rights of the beneficiary had otherwise become property of the estate upon her bankruptcy filing.

When Patricia Trautman filed her bankruptcy petition at 8:58 AM, she held no legal or equitable interest in the contracts of insurance on the life of Helen, but possessed a mere expectancy of payment in the event that Helen might die before exercising her right to change beneficiary. Nor was the interest of Patricia's bankruptcy estate enhanced upon the filing of Helen's bankruptcy at 9:01 AM. That the same trustee serves in both cases is a matter of mere coincidence. In his capacity as trustee for Patricia, Mr. Bulan possessed no rights under policies owned by the estate of Helen, and would acquire such rights only in the event of Helen's death within 180 days of the date of bankruptcy filing. Similarly, with respect to Patricia's policies, the filing of Helen's petition created an estate that included only an expectancy of property in the event of Patricia's death within 180 days. Now that the requisite period of time has passed without the demise of either debtor, the respective bankruptcy estates possess no further interest in the policies of insurance.

What distinguishes the present circumstances from those of *Teufel* is that in a joint case, the trustee may jointly administer the interests of insurance owner and beneficiary. 11 U.S.C. § 302(b). As stated by Judge Skretny in his decision, the courts of the Second Circuit had not previously decided the exempt status of reciprocal policies of insurance "because debtors were not permitted to file joint petitions for bankruptcy until the 1978 Bankruptcy Reform Act." *In re Teufel,* No. 02–CV–81S, slip op. at 8 (W.D.N.Y. Sept. 24, 2002). Further, he observed that the controversy in *Teufel* arose precisely because "the changes in the 1978 Bankruptcy Reform Act permit spouses to file joint bankruptcy petitions." *Id.* Based upon the ruling of *Teufel* and for purposes of the present analysis only, this court is obliged to assume that the joint administration of

spousal estates will effect a merger of the respective insurance interests of husband and wife into a single estate. Within that estate, the trustee will administer the insurance for the benefit of the beneficiary's creditors. While the Bankruptcy Rules expressly allow the joint administration of the estates of a husband and wife, no such authority is granted for the administration of the estates of a parent and child who are not otherwise in partnership with each other. FED. R. BANKR. P. 1015(b). When the estates of owner and beneficiary are separated, the rights of the revocable beneficiary are too ephemeral to constitute property of the bankruptcy estate within the meaning of 11 U.S.C. § 541(a), unless this expectancy matures into a death benefit within 180 days.

Patricia A. Trautman and Helen Gladyce Trautman have each claimed an exemption for polices of whole life insurance. To the extent that they are property of either of these estates, these policies are fully exempt under New York Insurance Law. Accordingly, the trustee's objections to the claims of exemption are overruled.

So ordered.