**In re Robert T. KIERSZ, Jr., Debtor.**

**No. 04–10121 B.**

United States Bankruptcy Court,
W.D. New York.

Sept. 23, 2004.

John H. Ring, III, Buffalo, NY, Trustee.

Jeffrey Freedman Attorneys, Paul M. Pochepan, of counsel, Buffalo, NY, for Debtor.

Zdarsky, Sawicki & Agostinelli, Mark J. Schlant, of counsel, Buffalo, NY, for the Trustee in the case of Donna F. Kiersz (04–10307K).

CARL L. BUCKI, Bankruptcy Judge.

Robert T. Kiersz, Jr., is the owner of a life insurance policy that insures his own life and that names his wife as beneficiary. Meanwhile, Mrs. Kiersz is the owner of a separate policy that insures her life and that names her husband as beneficiary. In this district, the law is clear that if Mr. and Mrs. Kiersz had filed a joint petition, they would not be allowed an exemption for the cash value of either policy. *In re Teufel,* No. 02–CV–81S, slip. op. (W.D.N.Y. Sept. 24, 2002). Instead, they filed separate petitions on different dates. Due to the randomness of case assignments, Mr. Kiersz's case was assigned to me, while the case of Mrs. Kiersz was assigned to my colleague, the Honorable Michael J. Kaplan. Now, in their respective cases, the trustees have moved to disallow the claim of both husband and wife to an exemption for the policies of life insurance. Further, the trustee for Mrs. Kiersz has moved in this case to disallow the husband's claim of exemption and to compel a turnover of the policy's cash surrender value.

In an opinion reported at 311 B.R. 145 (2004), Judge Kaplan has already denied the objection to an exemption in the case of Mrs. Kiersz. I agree with the result, but for somewhat different reasons. In my view, the operative facts are identical to those which controlled the outcome in *In re Trautman,* 296 B.R. 651 (Bankr. W.D.N.Y.2003). In *Trautman,* a mother and daughter filed separate bankruptcy

petitions within minutes of each other. Both parent and child had claimed an exemption for insurance that each debtor owned on her own life for the benefit of the other. Appointed in both cases, the same trustee then objected to the exemption. In denying that request, this court held that "[w]hen the estates of owner and beneficiary are separated, the rights of the revocable beneficiary are too ephemeral to constitute property of the bankruptcy estate within the meaning of 11 U.S.C. § 541(a), unless this expectancy matures into a death benefit within 180 days." 296 B.R. at 656.

This court need not repeat the reasoning and analysis of its decision in *Trautman*. For now, it suffices to note that in the present instance, the marital relationship of the debtor cannot change the underlying principle. Unless the reciprocally insured parties file a petition that is joint at the time of filing, the policy is exempt in the owner's estate and is too ephemeral to constitute an asset that can be administered in the estate of the beneficiary.

In his decision in the bankruptcy case of Mrs. Kiersz, Judge Kaplan questioned the *Trautman* analysis. Mistakenly, he read my earlier decision as focusing "on the absence of authority for the joint administration of two estates in cases that are separate cases." 311 B.R. at 147. To the contrary, I accept the notion that in the proper instance, two or more bankruptcy estates may be collaboratively administered. The point, however, is that except in a joint case of a husband and wife, the estates are not joint as of the date of bankruptcy filing. With respect to the cash values of insurance policies, section 541(a)(1) of the Bankruptcy Code contains the applicable provision relative to inclusion of property into the bankruptcy estate. It states generally that the estate includes "all legal or equitable interests of the debtor in property *as of the commencement of the case.*" (Emphasis added). At the moment of Mr. Kiersz's bankruptcy filing, he held only the revocable rights of a beneficiary in the policy that his wife owned on her own life. Being revocable, that interest is simply too contingent to be included into the bankruptcy estate. Meanwhile, at the same moment of his separate filing, Mr. Kiersz's policy of insurance on his own life was exempt from his own creditors by reason of New York Insurance Law § 3212(b)(1).

For the reasons stated herein, this court will overrule all objections to the debtor's claim of exemption.

So ordered.