In re **WORLD PARTS, LLC**, Debtor.

**Edwin Ilardo, as Trustee in Bankruptcy for World Parts, LLC, Plaintiff,**

v.

**Al's Diesel, Inc., Defendant.**

**Edwin Ilardo, as Trustee in Bankruptcy for World Parts, LLC, Plaintiff,**

v.

**Pacific Detroit Diesel–Allison, Defendant.**

**Bankruptcy No. 01–10839 B.**
**Adversary Nos. 03–1176B, 03–1177B.**

United States Bankruptcy Court, W.D. New York.

Feb. 18, 2005.

---

See also 291 B.R. 248.

Damon & Morey LLP (William F. Savino, Esq., Beth Ann Bivona, Esq., of counsel), Buffalo, NY, for Trustee/Plaintiff.

Gross, Shuman, Brizdle & Gilfillan, P.C. (Janet G. Burhyte, Esq., of counsel), Buffalo, NY, for Defendant, Al's Diesel, Inc.

Hinman Straub P.C. (Thomas D. Latin, Esq., of counsel), Albany, NY, for Defendant, Pacific Detroit Diesel–Allison.

CARL L. BUCKI, Bankruptcy Judge.

In each of two adversary proceedings, the defendant has moved for the complaint's dismissal based upon a lack of jurisdiction. Ultimately, the defining issue will be whether the debtor may, by stipulation, acquire a sufficient interest in the litigation, so as to make the dispute into a matter that is related to a case under title 11 of the United States Code.

In January of 2000, Frank Peters and his wife either owned or controlled three related corporations: World Auto Parts, Inc. ("World Auto Parts"), Innovative Transmission and Engine Corp. ("ITEC"), and D.R. Watson, Inc. ("Watson"). Operating from the same location in Buffalo, New York, World Auto Parts and ITEC conducted similar businesses involving the purchase and sale of used automobile and truck parts. Watson had provided financing to ITEC and held a perfected security interest in all of that entity's inventory and equipment.

World Parts, LLC, the debtor herein, acquired the assets of World Auto Parts sometime during the latter part of 2000. Richard Massaro, Jr., the principal owner of World Parts, had previously served as an officer of both World Auto Parts and ITEC. Sometime after its acquisition of the assets of World Auto Parts, World Parts allegedly sold portions of ITEC's inventory to Pacific Detroit Diesel—Allison ("Pacific Detroit"), and to Al's Diesel, Inc. ("Al's Diesel"). It is this inventory that has become the subject of the present dispute.

World Parts filed a petition for relief under chapter 11 of the Bankruptcy Code on February 14, 2001. Almost immediately upon the filing of the bankruptcy petition, on behalf of the corporations in which he and his wife held an interest, Frank Peters asserted rights to inventory that was or had been in the possession of the debtor. Ultimately, this court held certain officers of the debtor in contempt for their violation of an order prohibiting the further disposition of disputed inventory. The court need not now describe in detail the contemptuous activity, in as much as

the court has fully stated the background of that controversy in its published decision at 291 B.R. 248 (2003). Rather, it suffices to note that competing claims to inventory were asserted by the debtor and by the various corporations affiliated with Frank Peters.

On September 27, 2001, with the consent of the debtor, the court converted this bankruptcy proceeding into a case under chapter 7. Still, ITEC continued to assert ownership of inventory that the debtor had allegedly taken, while Watson claimed a security interest in that inventory. Eventually, the chapter 7 trustee negotiated a settlement with ITEC and Watson. In these negotiations, ITEC and Watson were represented by the firm of Damon & Morey LLP. The parties memorialized their agreement into an initial stipulation, and then into a superceding stipulation that this court approved by order dated February 20, 2004. As now constituted, the stipulation recites that the debtor had converted various assets of ITEC, that Watson holds a perfected security interest in those assets, and that before and during the proceeding in chapter 11, the debtor had sold this property. In settlement of their various claims and defenses, the parties agreed that the trustee would retain Damon & Morey as his special counsel to pursue the recovery of Watson's collateral. The bankruptcy estate would retain twelve percent of any such recovery, while the remaining 88 percent would be paid to Watson.

When the trustee initially sought to approve the modified stipulation of settlement, this court directed that notice of that motion be served upon counsel for the defendants in any adversary proceeding to recover Watson's collateral. Consequently, at the adjourned hearing, both Pacific Detroit and Al's Diesel opposed approval of the stipulation on the ground that it sought to create a basis for jurisdiction. This court nonetheless granted the trustee's motion, but with the reservation "that the Stipulation is in no way binding upon the defendants in the various adversary proceedings relating to the ITEC inventory nor does approval of the Stipulation preclude the defendants in those adversary proceedings from moving to dismiss the complaints based upon lack of jurisdiction." As suggested by this language, both Pacific Detroit and Al's Diesel have now moved to dismiss the particular adversary proceeding in which it is named as a defendant.

In his complaint against Pacific Detroit, the trustee asserts one cause of action. Specifically, the trustee alleges that Watson held a valid security interest in all assets of ITEC; that in October or November of 2000, World Parts wrongfully converted inventory of ITEC; that World Parts subsequently transferred to Pacific Detroit a portion of that inventory; that the debtor completed this transfer without the permission of ITEC or the release of Watson's security interest; and that pursuant to sections 9–306(2) and 9–402(7) of the then applicable version of New York's Uniform Commercial Code, Watson's security interest continues to extend to any inventory that was transferred to Pacific Detroit. Claiming that Watson is entitled to repossess this inventory, the trustee seeks judgment against Pacific Detroit for the sum of $65,075, that being the alleged value of the delivered material.

The trustee asserts two causes of action in his amended complaint against Al's Diesel. The first cause of action essentially duplicates the cause of action against Pacific Detroit, but for inventory having an alleged value of $5,600. In the second cause of action, the trustee asserts that World Parts conveyed the inventory to Al's Diesel for less than fair consideration

and with an actual intent to hinder, delay and defraud Watson and ITEC, that this transfer constitutes a fraudulent conveyance under the New York Debtor and Creditor Law, and that the trustee may therefore recover the inventory pursuant to 11 U.S.C. §§ 544(a) and 550.

Pacific Detroit and Al's Diesel have moved under Bankruptcy Rule 9012 and Federal Rule of Civil Procedure 12(b), to dismiss the trustee's complaint. Counsel for Al's Diesel seeks relief based generally upon a lack of jurisdiction, while counsel for Pacific Detroit asserts both a lack of subject matter jurisdiction and a failure to state a claim upon which relief may be granted. The trustee has responded vigorously to these motions, and further seeks leave to amend its complaint against Pacific Detroit, to allege a second cause of action based upon the same theory that the trustee sets forth in his second cause of action against Al's Diesel. This court will deny the cross motion to amend the complaint, in as much as any such amendment would have no consequence to the outcome of this case. Whether in their current form or with the amendment that the trustee has proposed, the complaints should be dismissed for the reasons stated hereafter.

The debtor fashions its first cause of action against Pacific Detroit and its complaint against Al's Diesel as actions arising under 11 U.S.C. § 542 and 550. However, neither of these sections provide any basis for the suggested relief. In relevant part, section 550(a) states that "to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property ...." Here, the trustee has made no showing of a right to avoid a transfer under any of the sections that are enumerated in section 550. Notably, section 550 excludes any reverence to section 542, that being the provision upon which the trustee would otherwise rely.

Section 542 of the Bankruptcy Code establishes the power of a trustee to obtain the turnover of property to the estate. In particular, subdivision (a) of this section defines the essential scope of this right:

> Except as provided in subsections (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title ... shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Subject to various limitations, section 363 allows a trustee to use, sell, or lease "property of the estate." 11 U.S.C. § 363(b) and (c). Property of the estate is then defined by section 541 of the Bankruptcy Code. Subdivision (a)(1) of this section sets the general rule, that property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Additionally, subdivision (a)(7) incorporates into the estate "[a]ny interest in property that the estate acquires after the commencement of the case."

■ At the time of the purported transfers to Pacific Detroit and Al's Diesel, the disputed inventory belonged either to the debtor or to ITEC. To the extent that the inventory belonged to the debtor, the event of sale effectively transferred the debtor's interests to Pacific Detroit and Al's Diesel. In connection with any such sale, the debtor would have warranted to the buyers good title and that the goods were free from any undisclosed security interest. N.Y.U.C.C. § 2–312(1)(a) and (b)(McKinney 2002). Consequently, the

debtor would have no further legal or equitable interest in the property, such that it could now claim a right to turnover under 11 U.S.C. § 542. To the extent that the inventory belongs to ITEC, the legal or equitable interest resides in an entity other than debtor. Consequently, the debtor again has no legal or equitable interests to which it can assert a right of turnover.

■ The trustee argues that if Watson and ITEC had successfully sued the debtor for the return of inventory, the debtor would then be compelled to seek the recovery of that inventory from Pacific Detroit and Al's Diesel. For this reason, the trustee believes that he has standing to assert a direct claim against these defendants. This argument, however, is based upon a faulty premise. Even if the debtor were liable to Watson and ITEC for the value of the inventory, the debtor has no claim against the present defendants. Having given the warranties of title under U.C.C. § 2–312(1), the debtor simply has no right to recover the inventory. Accordingly, as of the commencement of the bankruptcy case, with respect to the inventory, the estate included no legal or equitable interest over which this court could exercise jurisdiction.

■ ITEC, Watson and the trustee have executed the superceding settlement stipulation, which allocates to the trustee twelve percent of any recovery from Watson's collateral. The trustee contends that by reason of this settlement, he has acquired an interest over which this court may exercise jurisdiction for purposes of the present adversary proceeding. Notably, section 541(a)(7) includes into the estate "[a]ny interest in property that the estate acquires after the commencement of

the case." But here, by reason of the settlement stipulation, the debtor acquired not a cause of action, but an entitlement to proceeds from a cause of action that belongs to Watson. While this court may have jurisdiction over an action against Watson to recover the debtor's share in the proceeds of litigation, it does not have jurisdiction to determine the underlying claim of Watson as against Pacific Detroit and Al's Diesel.

Pursuant to their stipulation, ITEC, Watson and the trustee agreed that "[a]ll suits and adversary proceedings on the ITEC Assets and against [the transferees of those assets] shall be made in the name of the Trustee, signed by him and pursued in this name." However, Pacific Detroit and Al's Diesel were never parties to that stipulation. Moreover, at the court's insistence, the order approving the stipulation expressly preserved the rights of the defendant to seek dismissal based upon a lack of jurisdiction.

■■ Parties may not contract to create jurisdiction as against a third party. In the complaint against Al's Diesel and the first cause of action against Pacific Detroit, the trustee seeks a turnover of property that did not belong to the debtor. Fundamentally, therefore, the trustee has commenced an action that belongs to Watson. It would violate the common law principle of champerty to now hold that Watson's claim has somehow become a right of the trustee. As noted in a different context by my colleague, the Honorable Michael J. Kaplan, a "trustee has no license to extort or racketeer or to engage in champerty." *In re Kiersz,* 311 B.R. 145, 149 (Bankr.W.D.N.Y.2004).[1] To the extent

---

1. For the reasons stated in my decision in *In re Trautman,* 296 B.R. 651 (Bankr.W.D.N.Y. 2003), I would prefer a different rationale to decide the issue that the court considered in

*Kiersz.* Nonetheless, in my view, Judge Kaplan correctly states the law regarding champerty as a limitation on the conduct of a trustee.

that ITEC or Watson may wish to recover this property, they may commence an appropriate action in state court. As agreed by stipulation, the trustee may then receive twelve percent of that recovery. The trustee, however, lacks standing in his own name to assert a claim against Al's Diesel and Pacific Detroit. In the view of this court, the rights of ITEC and Watson are not related to a case under title 11, within the meaning of 28 U.S.C. § 157. Accordingly, the trustee may not invoke the jurisdiction of this court to obtain a turnover of property from Al's Diesel and Pacific Detroit.

### Fraudulent Conveyance Claim

■ In a second cause of action against Al's Diesel, the trustee alleges that World Parts conveyed the ITEC inventory to the defendant for less than fair consideration and with an actual intent to hinder, delay and defraud, and that this transfer constitutes a fraudulent conveyance for which the trustee may recover the inventory or its fair market value. Although this court may have jurisdiction to consider a claim to recover a fraudulent conveyance, the trustee's complaint in this instance fails to state a claim upon which relief may be granted.[2]

In the first paragraph of his second cause of action, the trustee "repeats and realleges as if set forth at length the allegations of paragraphs 1 through 36 of this Amended Complaint." Among these allegations is the assertion that the purportedly transferred assets were property of ITEC and were subject to Watson's security interest. From these allegations, it follows that the debtor could transfer nothing of value to the defendants. Thus, un-

der the facts as alleged, the debtor received consideration far in excess of the zero value of the debtor's non-existent interest in the property. Moreover, if we assume the truth of the trustee's allegations, then World Parts could never consummate a transfer of assets. *See* N.Y.U.C.C. § 2–106(1)(McKinney 2002). The debtor could make no fraudulent conveyance, for the simple reason that it had no property to convey. Necessarily, therefore, the trustee fails to state a claim upon which this court may grant relief to recover a fraudulent conveyance.

### Conclusion

For the reasons stated above, this court lacks jurisdiction to consider the complaint against Pacific Detroit and to consider the first cause of action against Al's Diesel. The second cause of action against Al's Diesel fails to state a claim upon which relief can be granted. Accordingly, pursuant to Bankruptcy Rule 7012 and Federal Rule of Civil Procedure 12(b)(1) and (6), the court will dismiss the complaints against both Pacific Detroit and Al's Diesel. In as much as the court has dismissed the second cause of action against Al's Diesel, this court will also deny the trustee's motion to amend the complaint against Pacific Detroit, to add a similar cause of action.

So Ordered.

---

2. In its motion to dismiss for lack of jurisdiction, Al's Diesel cites generally to Federal Rule of Civil Procedure 12(b). The court views this general reference as being suffi-

cient to allow a motion based upon any of the grounds stated in Rule 12(b), including the provision of Rule 12(b)(6) for a failure to state a claim upon which relief may be granted.